OPINION OF THE COURT
Con. G. Cholakis, J.
Plaintiff, a company in the business of cleaning up petroleum spills, was hired by the New York State Department of Transportation (hereafter D.O.T.) to contain and clean up liquid asphalt emulsion, a petroleum derivative, which was flowing into a tributary of Lake George. The emulsion came from a tanker apparently owned by defendant Gorman Bros., Inc. (hereafter Gorman).
*324 Upon the failure of Gorman and its insurer, Aetna Casualty and Surety Company (hereafter Aetna), to fully pay plaintiff’s bill for its services, plaintiff commenced separate actions against Gorman (action No. 1) and Aetna (action No. 2) to recover its unpaid balance, sales tax and attorney’s fees. Plaintiff now moves for summary judgment in both actions.
The threshold issue to be decided, in action No. 1, is whether the plaintiff can directly sue Gorman to recover for the cost of cleanup and removal or must it seek payment from the New York Environmental Protection and Spill Compensation Fund (hereafter Fund) (Navigation Law § 176 [3]; § 186) which will then, through its administrator, seek to recover the cost from Gorman (Navigation Law § 187 [1]; § 188).
Navigation Law § 176 (1) states that “[a]ny person discharging petroleum * * * shall immediately undertake to contain such discharge.” The same subdivision, however, gives the D.O.T. more encompassing authority. The D.O.T. “may undertake the removal of such discharge and may retain agents and contractors who shall operate under the direction of such department for such purposes” (emphasis added). There is no question that, had the department undertaken the cleanup and removal of the spill, it could thereafter sue Gorman to recover its costs (Navigation Law § 187 [1]; § 188).
In this case, however, the department, pursuant to its authority, chose not to undertake the cleanup and removal itself but to hire the plaintiff to do the work. By doing so the department made the Fund strictly liable for all cleanup and removal costs (Navigation Law § 181 [2]). However, this act did not serve to relieve defendant of any legal obligation which it may have.
Since Gorman does not dispute that the spillage came from its tanker, it too is strictly liable for all cleanup and removal costs (Navigation Law § 181 [1]).
“ ‘Cleanup and removal costs’ means all costs associated with the cleanup and removal of a discharge incurred by the state * * * or any person with approval of the department.” Department is defined as “the department of transportation”. (Navigation Law § 172 [5], [7]; emphasis added.) Since plaintiff performed its work with the approval of the D.O.T., Gorman is also strictly liable, without regard to fault, for its costs.
The D.O.T.’s act of hiring plaintiff to perform the cleanup and removal work did not, as earlier stated, relieve defendant of its legal obligation but created, instead, two entities which are strictly liable for all cleanup and removal costs, namely, defendant and the Fund.
*325 To now insist that plaintiff first make a claim against the Fund which would then in turn claim against the defendant seems a circuitous way of proceeding. While the plaintiff may have chosen to do so, in this court’s opinion, it was not obligated to do so. It could, as it has done, choose to sue the defendant directly.
The court’s position is bolstered by Navigation Law § 188, which specifically states that the Fund shall not pay a claimant such as plaintiff, unless the Fund’s administrator first acquires, by subrogation, all rights which the claimant may have to recover his costs from the discharger, thereby implying that a claimant has the right to sue a discharger directly.
Having decided that plaintiff can sue defendant directly to recover its costs, we shall now proceed to consider its motion for summary judgment.
Plaintiff takes the position that, since defendant is strictly liable for all cleanup and removal costs, it is automatically responsible for all bills which have been submitted and that the defendant cannot contest them.
This court cannot agree. The Legislature has seen fit to hold the defendant liable to the plaintiff in a case such as this and has further indicated the items of damage for which the plaintiff shall be held liable. The amount of money which the defendant must pay, pursuant to such liability, has not been fixed by the Legislature or any other authority of which this court has been made aware. The plaintiff cannot indiscriminately set any sum to which it feels entitled. Any such sum which is advanced by the plaintiff is subject to dispute by defendant.
Since issue has just been joined and discovery has not even been undertaken, plaintiff’s motion for summary judgment in action No. 1 is seen as premature and is therefore denied.
In action No. 2, plaintiff sues Aetna, Gorman’s insurer, for the exact same relief as it seeks against Gorman in action No. 1. Again the plaintiff moves for summary judgment. Since issue has not been joined, summary judgment is clearly inappropriate and plaintiff’s motion is therefore denied (CPLR 3212 [a]).
Defendant, on the other hand, has moved to dismiss plaintiff’s complaint pursuant to CPLR 3211 (a) (7), alleging that plaintiff does not have the right to sue Gorman’s insurer directly. Plaintiff alleges that Navigation Law § 190 gives it the power to do so. That section contains the following language: “Any claims for costs of cleanup and removal, civil penalties or damages by the state and any claim for damages by any injured person, may be *326 brought directly against the bond, the insurer, or any other person providing evidence of financial responsibility.”
Since Aetna concedes, by statements in various affidavits submitted in all three motions, that it is Gorman’s insurer, the meaning of the quoted statute must be ascertained. If it gives plaintiff the right to sue Aetna directly, as plaintiff claims, defendant’s motion to dismiss must fail. If however, it does not give plaintiff the right to sue Aetna directly, as defendant claims, defendant’s motion to dismiss must prevail.
The court is aware of Navigation Law § 195 which states that article 12 “Oil Spill Prevention, Control and Compensation” shall be liberally construed to effect its purposes. The section upon which plaintiff relies is, of course, within the said article 12.
A liberal construction can expand the meaning of a statute to meet cases which are clearly within the spirit or reason of the law, but cannot give it an interpretation which is inconsistent with its language. In other words, courts should not legislate (McKinney’s Cons Laws of NY, Book 1, Statutes § 73).
In this court’s judgment, even a liberal reading of Navigation Law § 190 establishes just two entities that can bypass a dis-charger, such as Gorman, and sue its insurer directly. Those entities are (1) the State and (2) any injured person. The statute further establishes the causes of action for which each of these entities can sue the insurer.
The State can sue an insurer for costs of cleanup and removal (Navigation Law § 172 [5]), civil penalties (Navigation Law § 192), or damages (Navigation Law § 181 [2]). An injured party, on the other hand, can only sue for damages.
The court does not agree that plaintiff is an injured party simply because it has an unpaid bill for services rendered at the State’s request. However, even if it were, its bill does not come within the definition of damages set forth by the Legislature.
The court holds that plaintiff does not have a direct cause of action against Aetna and its lawsuit is therefore dismissed.