*294 OPINION OF THE COURT
WlLMER J. PATLOW, J.
Defendant Newcomb Oil Co., Inc. moves to dismiss plaintiffs’ complaint for failure to state a cause of action.
Plaintiffs’ second amended complaint alleges that in late 1986 and early 1987 defendant Newcomb Oil Co., Inc. (hearinafter Newcomb) pumped oil into a fuel tank located on the property of defendant Carl Jessie, plaintiffs’ neighbor, which oil overflowed from the tank and migrated to plaintiff’s land causing petroleum contamination of their dwelling. Plaintiffs further allege that defendant Jessie had a limited mental capacity and had given a power of attorney to Family Services of Rochester, Inc. which in turn had contracted with New-comb to supply heating oil to Jessie on an "as needed” basis. According to plaintiff, defendant Newcomb knew that Jessie lived by himself and generally did not use more than about 200 gallons of fuel oil in a heating season. Plaintiff asserts that Newcomb nonetheless delivered approximately 1,000 gallons over a two-month period, causing the tank to leak and oil to permeate the surrounding groundwater and lands.
As a result of the spill, plaintiffs claim that their lands were saturated and their basement contaminated with toxic wastes such as benzene, toluene and xylene and that the air in their home was filled with toxic fumes causing severe physical injuries and emotional distress.
The first cause of action alleges strict liability based upon section 181 of the Navigation Law. The second cause of action cites defendants’ alleged negligence, the third cause of action defendants’ alleged intentional interference with property (trespass), the fourth cause of action defendant Newcomb’s alleged engagement in an abnormally dangerous activity and the fifth cause of action nuisance.
Defendant Newcomb moves to dismiss all five causes of action, arguing that no private right of action exists under the Navigation Law, and that in any event plaintiffs have failed to allege facts sufficient to sustain a claim under that statute, that no viable claim for trespass exists, that maintenance of a home heating oil business is not an ultrahazardous activity, that there is no basis for any claim in negligence and that the cause of action for nuisance likewise must be dismissed.
More specifically, defendant contends that the first cause of action must be dismissed because under the statutory framework set forth in article 12 of the Navigation Law plaintiffs *295 are not permitted to proceed directly against it to recover any damages sustained, but rather must apply to the Department of Environmental Conservation and/or the Environmental Protection and Spill Compensation Fund (hereinafter the Fund) which in turn would proceed against defendant. Defendant further maintains that even if such a private right of action exists, the statute should not be construed to include the situation here, where defendant violated no Federal, State or local permit, did not own or control the tank in question and it is not even alleged that defendant discharged petroleum into the waters of this State.
Section 171 of the Navigation Law states that the purpose of article 12 is "to ensure a clean environment and healthy economy for the state by preventing the unregulated discharge of petroleum which may result in damage to lands, waters or natural resources of the state”, which purpose is to be accomplished by, inter alla, "providing for liability for damage sustained within the state as a result of such discharges.”
Section 173 of the Navigation Law succinctly states: "The discharge of petroleum is prohibited.” "Discharge” is defined in section 172 (8) of the Navigation Law as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum into the waters of the state or onto lands from which it might flow”.
Section 181 of the Navigation Law explicitly provides that: "1. Any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained, as defined in this section.”
After elaborating upon the strict liability of the owners or operators of a major facility or vessel for certain damages, section 181 of the Navigation Law goes on to state "3. * * * Damages which may be recovered from, or by, any other person shall be limited to those authorized by common or statutory law.”
The private right of action argument advanced by defendant here was considered and resolved in a manner contrary to defendant’s position by the court in Domermuth Petroleum Equip. & Maintenance Corp. v Gorman Bros. (127 Misc 2d 323). In that case, plaintiff contractor was hired by the Department of Transportation to clean up asphalt emulsion *296 which flowed from an oil tanker owned by defendant into a tributary of Lake George. Plaintiff sued defendant directly for the balance due on its bill for services after defendant’s insurer declined to pay the full amount. Defendant argued in opposition to plaintiff’s motion for summary judgment that plaintiff had no private right of action against it and was required to seek reimbursement from the Fund. The court stated:
"The D.O.T.’s act of hiring plaintiff to perform the cleanup and removal work did not, as earlier stated, relieve defendant of its legal obligation but created, instead, two entities which are strictly liable for all cleanup and removal costs, namely, defendant and the Fund.
"To now insist that plaintiff first make a claim against the Fund which would then in turn claim against the defendant seems a circuitous way of proceeding. While the plaintiff may have chosen to do so, in this court’s opinion, it was not obligated to do so. It could, as it has done, choose to sue the defendant directly” (127 Misc 2d, supra, at 324-325).
In further support of its conclusion, the court went on to discuss the inferences which could be drawn from the inclusion of subrogation rights in the statutory scheme, as follows: "The court’s position is bolstered by Navigation Law § 188, which specifically states that the Fund shall not pay a claimant such as plaintiff, unless the Fund’s administrator first acquires, by subrogation, all rights which the claimant may have to recover his costs from the discharger, thereby implying that a claimant has the right to sue a discharger directly” (supra, at 325).
A like inference can be drawn from section 190 of the Navigation Law providing for claims against insurers. This section states that: "Any claims for costs of cleanup and removal, civil penalties or damages by the state and any claim for damages by any injured person, may be brought directly against the bond, the insurer, or any other person providing evidence of financial responsibility” (emphasis added). It would be anomalous to permit litigation directly against the insurer without also contemplating a suit directly against the insured who was liable for the discharge in the first instance.
Based upon the clear language of the statute, the entire statutory scheme and the judicial precedent construing the statute, this court concludes that article 12 of the Navigation Law permits a plaintiff to pursue a cause of action directly *297 against a defendant who has discharged petroleum in violation of the statute and does not limit such a plaintiff to any relief he might seek or obtain from the Department of Environmental Conservation or the Environmental Protection and Spill Compensation Fund.
With regard to the second prong of defendant’s argument in support of its motion to dismiss the first cause of action, the court notes that article 12 of the Navigation Law imparts a strict liability, that is, liability without the necessity of any showing of fault on the part of defendant. Thus, the facts that defendant violated no permit and did not own or control the tank in question are irrelevant so long as defendant can be said to have "discharged” petroleum, as the term "discharge” is defined in section 172 (8) of the Navigation Law.
Indeed, strict liability under this article of the Navigation Law has been applied to a homeowner whose cellar was severely flooded by a blockage in the city sewer line causing the oil tank in her basement to be tipped over, releasing its contents (State of New York v Pawtucket Mut. Ins., 140 Misc 2d 1041) and to the owner of leaking oil storage tanks which contaminated the well water of a neighboring restaurant (State of New York v Stewart’s Ice Cream Co., 64 NY2d 83).
In Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins (111 AD2d 957) the court imposed strict liability where defendant had delivered fuel to a homeowner’s tank which subsequently ruptured, discharging its contents into the homeowner’s basement. The court stated it was sufficient that defendant had "set in motion the events which resulted in the discharge” (111 AD2d, supra, at 959).
Significantly, the court in Domermuth (supra, at 959) continued: "[T]here is no need for specific proof that the oil was ever in danger of seeping into protected water in order to render the above statutes [Navigation Law art 12] applicable. Judicial notice can be taken of the common knowledge 'that oil can seep through the ground into surface and groundwater * * * and thereby cause ecological damage’ ”,
In the case at bar, assuming for purposes of this motion that the facts alleged by plaintiff are true, defendant Newcomb filled the fuel tank in defendant Jessie’s basement so far beyond its capacity that the tank overflowed and contaminated the surrounding area, including plaintiffs’ basement. This court concludes that such facts are sufficient to establish that defendant Newcomb set into motion the chain of events *298 which led to the unpermitted discharge of petroleum, regardless of whether defendant intended such consequences and even though defendant may not have been at fault
Consequently, defendant Newcomb’s application to dismiss plaintiffs’ first cause of action for strict liability under article 12 of the Navigation Law is hereby denied.
The court will now consider plaintiffs’ second cause of action which sounds in negligence.
Assuming for purposes of this motion the truth of plaintiffs’ allegations that defendant Newcomb knew or should have known that the fuel oil tank in question was at capacity and that this defendant nevertheless continued over a period of time to deliver fuel oil to the tank, the court concludes it was reasonably foreseeable that the tank would overflow and cause damage to the surrounding properties. Defendant would therefore be liable under a theory of negligence for damages sustained to person or property which plaintiffs can prove were proximately caused by the discharge. In the court’s opinion, plaintiffs here have alleged facts sufficient to constitute a prima facie case (see, e.g., Novick v Sun Oil Co., 103 AD2d 800; New York Tel. Co. v Mobil Oil Corp., 99 AD2d 185, 190-193).
Defendant Newcomb’s motion to dismiss is hereby denied with respect to plaintiffs’ second cause of action.
Plaintiffs’ third cause of action, for trespass, is legally insufficient for failing to state facts which amount to the requisite willful intent (see, Phillips v Sun Oil Co., 307 NY 328; Kulpa v Stewart’s Ice Cream, 144 AD2d 205; Chartrand v State of New York, 46 AD2d 942). Consequently, defendant’s motion to dismiss is hereby granted with respect to plaintiffs’ third cause of action.
With respect to plaintiffs’ fourth cause of action, for strict liability based upon ultrahazardous activities, the court concludes that the delivery of home heating fuel to residential tanks does not rise to the level of hazard contemplated by the courts which have considered the matter (see, e.g., Doundoulakis v Town of Hempstead, 42 NY2d 440; Spano v Perini Corp., 25 NY2d 11). Thus, the court hereby grants defendant Newcomb’s motion to dismiss plaintiffs’ fourth cause of action.
Considering plaintiffs’ fifth cause of action, for nuisance, case law provides that: "today it is recognized that one is subject to liability for a private nuisance if his conduct is a legal cause of the invasion of the interest in the private use *299 and enjoyment of land and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities” (Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 569, rearg denied 42 NY2d 1102). Inasmuch as plaintiffs have alleged a prima facie case of negligent conduct on the part of defendant Newcomb, which conduct allegedly has interfered with plaintiffs’ use and enjoyment of their land, plaintiffs have also set forth a cause of action based upon the theory of a private nuisance. Therefore, defendant Newcomb’s motion to dismiss is denied with respect to plaintiffs’ fifth cause of action.
The court deems plaintiffs’ cross motion to amend their pleadings moot.