■ Town of Guilderland, Respondent, v Texaco Refining and Marketing, Inc., as Successor to Getty Refining and Marketing, Inc., et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered March 6, 1989 in Albany County, which denied defendants' motion to dismiss the complaint as barred by the Statute of Limitations and granted plaintiff's cross motion to consolidate this action with another related action.

This matter presents for resolution the question of whether Supreme Court applied the appropriate statutory period of limitation to plaintiff's suit, whether plaintiff asserted its claims against defendants in a timely fashion and whether the record on appeal is sufficiently developed to resolve the issues presented.

The claims against defendants stem from damages that

resulted from an explosion on July 1, 1984 which was caused by the ignition of fumes from gasoline leaking from a Getty service station into plaintiff's sewer system. A summons with notice naming Valley Equipment Company, Inc., Getty-Texico, Getty Petroleum Corporation (hereinafter Getty Petroleum) and C & F Pollution Control, Inc. as defendants was initially delivered to the Sheriffs of Rensselaer, Albany and Schenectady Counties on June 30, 1987 (hereinafter action No. 1). Thereafter, additional copies of the summons with notice were served on August 3, 1987 upon defendant Texaco, Inc. and Texaco, Inc.-New York Marketing Division by personal delivery to a person authorized to accept service of process.

After issue was joined and during discovery several entities involved in the ownership and operation of the Getty service station were identified. These included defendant Texaco Refining and Marketing, Inc. (hereinafter Texaco Refining) and Texaco, Inc. On August 12, 1988 plaintiff commenced the present action (hereinafter action No. 2) against Texaco Refining and Texaco, Inc. by delivering a summons and complaint to the New York Secretary of State. The complaint alleged simple negligence, strict liability based on defendants' involvement in an ultrahazardous activity and strict liability under Navigation Law article 12.

Defendants moved to dismiss the complaint, asserting that the applicable limitations period had expired and upon the alternative ground of the discharge in bankruptcy of Texaco, Inc.* Pursuant to CPLR 602 (a), plaintiff cross-moved for an order to consolidate actions Nos. 1 and 2. Supreme Court denied defendant's motion to dismiss. The court held that a six-year Statute of Limitations was applicable against defendants as dischargers pursuant to Navigation Law § 181 (1) and also opined that defendants had a relationship and unity of interest with those defendants named in action No. 1, which constructively placed defendants in action No. 2 on notice of the claim. In addition, plaintiff's cross motion for consolidation was granted. This appeal by defendants ensued.

Plaintiff's suit is directed against defendants as the dischargers of gasoline. Pursuant to Navigation Law § 181, both the discharger and the New York Environmental Protection and Spill Compensation Fund (hereinafter the Fund) are strictly liable for damages caused by the discharge of gasoline. Unlike a suit against a discharger initiated by the Fund for the

---

* The bankruptcy defense of Texaco, Inc. has been abandoned on this appeal.

reimbursement of compensation paid from it, which is an action in indemnity and subject to a six-year Statute of Limitations *(see, State of New York v Stewart's Ice Cream Co., 64 NY2d 83, 88)*, a suit against a discharger initiated by the damaged party is one for damages caused by injury to property and is subject to a three-year Statute of Limitations *(see, CPLR 214 [4])*. Supreme Court thus erred in applying a six-year period of limitations to this action.

On the question of whether the action was timely commenced, it is undisputed that defendants in action No. 2 were served beyond the three-year Statute of Limitations period; however, plaintiff urges that the action is not barred by any Statute of Limitations because pursuant to CPLR 203 (b), defendants were given notice of the conduct or occurrence upon which it is based by the service of the summons with notice in action No. 1. Plaintiff urges that under the facts herein, the complaint in action No. 2 relates back to the complaint in action No. 1 and should be deemed to have been interposed at the time of the service of that complaint under the "relation-back" theory *(see, Brock v Bua, 83 AD2d 61)*. In response, defendants contend that CPLR 203 (b) is applicable only to those motions seeking leave to amend a complaint, not to those seeking consolidation.

When service of process is erroneous, it is the duty of the court to determine, notwithstanding the error, whether a defendant was fairly apprised that he was the party the plaintiff intended to sue. The defendant has the burden of proof in establishing prejudice to him. We find no merit in defendants' contention that CPLR 203 (b) is only applicable to motions seeking amendment of the complaint to join new parties and not to the instant circumstances. In this case, we do not consider it fatal that plaintiff has elected to serve a new complaint in action No. 2 and seeks consolidation with action No. 1 rather than seeking an amendment of the complaint in the original action *(see generally, Matter of Great E. Mall v Condon, 36 NY2d 544, 548)*. Plaintiff was seeking to do nothing more than name additional defendants upon the same claims. Consequently, the procedural errors alleged did not affect the unity of interest analysis that must be undertaken by this court. Supreme Court, proceeding as it did on the theory that a six-year Statute of Limitations period was applicable against defendants, did not address the "unity of interest" issue.

As stated in *Brock v Bua (supra,* at 69), a claim asserted against a new party will relate back to the date upon which

the plaintiff's claim was previously interposed against the original named defendant despite the fact that the new party was not named in the process served upon the originally named defendant if (1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is "united in interest" with the original defendant and, by reason of that relationship, he can be charged with such notice of the commencement of the action that he will not be prejudiced in maintaining a defense on the merits, and (3) the new party knew or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well. This court in *Virelli v Goodson-Todman Enters.* (142 AD2d 479), while subscribing generally to the *Brock* standard, noted that Federal Rules of Civil Procedure, rule 15, upon which the standard is premised, does not qualify the nature of the mistake. Consequently, this court found that the determinative factor when applying the third prong of the *Brock* standard is not whether the mistake in service is excusable, but whether " 'notice within the limitations period' " has been achieved *(supra,* at 483, quoting *Schiavone v Fortune,* 477 US 21, 31).

Both complaints in the instant case refer to the same series of events, i.e., the gas leak and resulting explosion. The record includes an affidavit of Angelo Pastizzo, a Getty Petroleum representative, which tracks the relationships of the various corporations sued in actions Nos. 1 and 2 and their involvement in the ownership of the Getty service station involved in the accident. This affidavit, however, fails to clearly identify and reconcile such relationships. This matter must therefore be remitted to Supreme Court for a determination as to whether the requisite unity of interest exists between defendants in action No. 2 and Getty Petroleum, a defendant in action No. 1.

We have examined the other issues raised on appeal and find them without merit.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.