■ NELLIE WHEELER, Appellant, v NATIONAL SCHOOL BUS SERVICE et al., Respondents. [598 NYS2d 109] —Per Curiam. Appeal from an order of the Supreme Court (Travers, J.), entered January 24, 1992 in Rensselaer County, which denied plaintiff's motion for, *inter alia,* leave to amend her complaint.

In January 1989, plaintiff discovered petroleum seeping into her basement. The seepage was reported to and investigated by the Department of Environmental Conservation (hereinafter DEC). DEC investigators traced the petroleum spill to a leaking underground fuel line connecting an underground storage tank to a fuel pump on adjacent property owned by defendant Rita Carignan and occupied by defendant National School Bus Service. Plaintiff then brought this action for her personal injuries and property damage caused by the spill.

Subsequently, plaintiff moved to amend her complaint to add a cause of action against Carignan and National School Bus Service premised upon strict liability under Navigation Law article 12 and for partial summary judgment on that cause of action. Supreme Court, relying on *Snyder v Jessie* (164 AD2d 405, *lv dismissed* 77 NY2d 940), denied the motion

on the ground that no private right of action exists under Navigation Law article 12. This appeal by plaintiff ensued.

When plaintiff made her motion, this Court had already ruled that a private action did lie under Navigation Law § 181 on behalf of a party injured as the result of an oil discharge *(see, Town of Guilderland v Texaco Ref. & Mktg.,* 159 AD2d 829, 830-831), and we adhere to that decision. It is also significant that during the pendency of plaintiff's motion before Supreme Court, the Legislature amended Navigation Law § 181 to add a provision explicitly recognizing the right of such an injured party directly to pursue a civil damage action (Navigation Law § 181 [5], as added by L 1991, ch 672, § 2, eff July 26, 1991). The legislative history of the amendment makes it absolutely clear that chapter 672 of the Laws of 1991 was intended to "clarify" the law so as to confirm this Court's interpretation of Navigation Law § 181 in *Town of Guilderland v Texaco Ref. & Mktg. (supra)* as creating a private right of action and to overrule the contrary interpretation of the Fourth Department in *Snyder v Jessie (supra) (see,* July 19, 1991 Report to Governor by Counsel to the Comptroller [at whose request the legislation was introduced], Bill Jacket, L 1991, ch 672).

Because no potential prejudice whatsoever was demonstrated in opposition to the proposed amendment to plaintiff's complaint, leave to amend should have been granted *(see,* CPLR 3025 [b]). Accordingly, we modify Supreme Court's order by granting such leave. However, plaintiff's request for partial summary judgment on the cause of action added by the amendment is denied as premature.

As a final matter, we note that before argument of this appeal, Carignan communicated her consent to the amendment of plaintiff's complaint sought herein. On the other hand, the attorney for National School Bus Service failed to file a brief or to reply to inquiries from the Clerk of this Court as to that party's position regarding the merits of plaintiff's appeal. Accordingly, we deem it appropriate to impose costs and disbursements against the attorney for National School Bus Service *(see,* 22 NYCRR 800.9 [d]; *Matter of Commissioner of Columbia County Dept. of Social Servs. v Peter JJ.,* 192 AD2d 768, 770).

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to plaintiff, by reversing so much thereof as denied the motion for leave to amend the complaint; said motion granted to that extent; and, as so modified, affirmed.