[600 NYS2d 519]

J. Dennis Nicol et al., Respondents, v D.W. Jenkins Fire Company, Inc., et al., Defendants, and Cobleskill Fire Department, Appellant.

Third Department, July 15, 1993

## APPEARANCES OF COUNSEL

*Kris T. Jackstadt,* Albany *(Carolyn B. George* of counsel), for appellant.

*Glen W. Brownell,* Schenectady, for respondents.

## OPINION OF THE COURT

MIKOLL, J. P.

In December 1987 plaintiffs were next-door neighbors to defendants Floyd Schaffer and Linda Schaffer in the Town of Central Bridge, Schoharie County. On December 2, 1987 defendant Cobleskill Fire Department (hereinafter CFD) and defendant D.W. Jenkins Fire Company, Inc. allegedly damaged an above-ground kerosene or petroleum storage tank while fighting a fire at the Schaffer home, causing the contents of the tank to leak into the ground and flow onto plaintiffs' property. Plaintiffs then commenced this action claiming, *inter alia,* negligence and strict liability against all defendants and seeking money damages for injury to health and property. After CFD moved for summary judgment dismissing the complaint against it, plaintiffs were permitted to serve an amended complaint asserting a cause of action under Navigation Law article 12.

CFD again moved for summary judgment dismissing the amended complaint against it. Supreme Court found that CFD did not assume any special duty toward plaintiffs and dismissed the negligence cause of action; however, the court denied that portion of CFD's motion to dismiss the cause of action based on Navigation Law article 12, stating that under that article a discharger of a petroleum product into the ground or water will be strictly liable for the discharge and that a private right of action could be asserted for violation of article 12. Supreme Court further ruled that questions of fact were present with respect to the latter cause of action. An

order granting summary judgment dismissing the complaint against D.W. Jenkins Fire Company is not involved in this appeal.

Plaintiffs' argument that Navigation Law article 12 affords them a private right of action, and that Supreme Court therefore properly denied CFD summary judgment with respect to plaintiffs' cause of action based on Navigation Law article 12, is well taken *(see, Wheeler v National School Bus Serv.,* 193 AD2d 998, 999; *Town of Guilderland v Texaco Ref. & Mktg.,* 159 AD2d 829, 830-831; *but see, Snyder v Jessie,* 164 AD2d 405, 408, *lv dismissed* 77 NY2d 940). The order of Supreme Court should be affirmed.

CFD's contention that Supreme Court erred in finding that a question of fact exists in the instant case, because public policy requires that fire companies not be forced to choose between fulfilling their firefighting duties and violating Navigation Law article 12, is not persuasive. Although liability may not be imposed for failure to provide adequate fire protection unless a municipality has assumed a special duty to the individual plaintiff *(Helman v County of Warren,* 114 AD2d 573, 574), Navigation Law § 181 (1) provides that "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for * * * all direct and indirect damages, no matter by whom sustained" *(see, State of New York v Wisser Co.,* 170 AD2d 918, 919). The terms "person" (Navigation Law § 172 [14]) and "discharge" (Navigation Law § 172 [8]) are broadly defined in the statute. Navigation Law §§ 170 and 171 indicate that article 12 is to be broadly construed and, while the legislative history deals with the hazards presented by large commercial handlers of petroleum, nothing therein indicates an intention to exempt fire companies from liability; thus, the words used in the statute should be given their plain meaning *(see, State of New York v New York Cent. Mut. Fire Ins. Co.,* 147 AD2d 77, 78-79; *see also, Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208).

Significantly, although the Legislature was apparently aware of the proposal to include a provision exempting "[a]ny act or omission by or at the direction of a law enforcement officer or fire[fighter]" (Mem of NY St Petroleum Council, Bill Jacket, L 1977, ch 845, at 8) as one of the strict liability defenses enumerated in Navigation Law § 181 (4), it did not do so, suggesting that it did not intend to necessarily exempt

firefighters from the effects of article 12 *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 240). Further, Navigation Law § 176 (2) (b) grants officials of the Department of Environmental Conservation some immunity under the subject article but makes no similar provision for fire companies.

YESAWICH JR., LEVINE and CREW III, JJ., concur.

Ordered that the order is affirmed, with costs.