[603 NYS2d 1010]

MARK SNYDER et al., Respondents, v NEWCOMB OIL CO., INC., et al., Defendants, and HANOVER INSURANCE COMPANY, Appellant.

Fourth Department, November 19, 1993

### APPEARANCES OF COUNSEL

*Thorn & Gershon,* Albany *(Paul D. Jureller* of counsel), for appellant.

*Alan J. Knauf & Associates, P. C.,* Rochester, for respondents.

### OPINION OF THE COURT

DENMAN, P. J.

Among the other questions presented on this appeal, we are called upon to consider the res judicata effect of a prior decision of this Court that has since been overruled legislatively. This appeal follows the consolidation of plaintiffs' two actions seeking compensation for personal injury and property damage allegedly caused by contamination of plaintiffs' home by a "spill" of heating oil delivered to their neighbor. Plaintiffs allege common-law causes of action and also allege a statutory claim for violation of the "Oil Spill Law" (Navigation Law §§ 170-197). The combined actions name a total of four defendants: plaintiffs' neighbor, Carl Jessie; Family Service of Rochester, Inc., a social services agency to which the elderly Jessie had given power of attorney; Newcomb Oil Co., Inc., Jessie's heating oil contractor; and The Hanover Insurance Company, Newcomb's liability insurer. Hanover appeals from an order of Supreme Court that denied its motion to dismiss plaintiffs' complaint insofar as it seeks recovery from Hanover under the Oil Spill Law.

On appeal, Hanover contends that it cannot be held vicariously liable under Navigation Law § 190 because this Court previously decided that the statute does not give rise to a private right of action against Hanover's insured, Newcomb *(see, Snyder v Jessie,* 164 AD2d 405, *lv dismissed* 77 NY2d 940 [hereinafter *Snyder I]).*[1] Alternatively, Hanover contends that Navigation Law § 190 does not allow a direct cause of action against an insurer absent proof that the insurer has "provid[ed] evidence of financial responsibility".

---

1. *Snyder I* refers both to the first action (prior to its consolidation with the second action) and to our prior decision on appeal.

Both actions arise out of a single scenario that occurred during the winter of 1986-1987. Plaintiffs owned a residence at 27 Durant Place and Jessie owned a residence at 7 Durant Place in the Village of Fairport. Plaintiffs allege that Jessie had limited mental capacity and had given power of attorney to Family Service of Rochester, Inc., which had arranged with Newcomb to make deliveries of fuel oil to Jessie's residence. It is alleged that Jessie's underground tank had a leak and that the oil migrated from Jessie's tank to surrounding property, including plaintiffs' residence, and that, as a result, plaintiffs' house became contaminated and their health impaired by toxic fumes. Plaintiffs allege that, although Jessie ordinarily used about 200 gallons of fuel oil, i.e., about one tankful, over the course of a typical heating season, Newcomb negligently placed approximately 1,000 gallons of fuel in Jessie's tank over a two-month period.

In *Snyder I,* plaintiffs sued Newcomb and Jessie,[2] alleging five causes of action. We are concerned here mainly with the first cause of action, which alleged that Newcomb violated section 181 of the Navigation Law. Plaintiffs characterized that statute as giving rise to a private right of action imposing strict liability upon any discharger of petroleum on behalf of any person injured thereby. Before answering, Newcomb moved to dismiss the complaint for failure to state a cause of action, contending, insofar as relevant herein, that section 181 did not establish a private right of recovery.[3] Supreme Court denied Newcomb's motion to dismiss the statutory claim. The court held that various provisions of the Navigation Law implied the creation of a private right of recovery in favor of those damaged by oil spills, and that plaintiffs had sufficiently pleaded such a cause of action *(Snyder v Jessie,* 145 Misc 2d 293, 295-298).

On appeal, we modified to dismiss the statutory claim *(see, Snyder v Jessie,* 164 AD2d 405, *supra).* We concluded that, with respect to "discharger" liability, the act established only an administrative remedy for injured claimants, not a new judicial remedy, but that the act did not abrogate whatever common-law rights previously existed *(Snyder v Jessie, supra,* at 410). We concluded that a claimant could pursue its existing common-law rights against the discharger or proceed under the statute against the Department of Environmental

---

2. Jessie has defaulted.
3. Newcomb also moved to dismiss the common-law causes of action.

Conservation-administered Oil Spill Fund, which alone had statutory judicial recourse against the discharger. We were persuaded by the absence in the statute of any mention of a private right of recovery, and by certain materials in the bill jacket, particularly a memorandum of then Attorney-General Lefkowitz, which criticized the act for its failure to create a private right of recovery *(Snyder v Jessie, supra,* at 410-411). We concluded that certain cases relied on by plaintiffs *(see, Town of Guilderland v Texaco Ref. & Mktg.,* 159 AD2d 829; *Domermuth Petroleum Equip. & Maintenance Corp. v Gorman Bros.,* 127 Misc 2d 323, 324-325) were distinguishable and were, insofar as they assumed the existence of a statutory right of action against a discharger, mere dictum *(Snyder v Jessie, supra,* at 411-412). We additionally concluded that Supreme Court had properly upheld plaintiffs' common-law claims of negligence and nuisance against Newcomb *(Snyder v Jessie, supra,* at 412).

In July 1991, following our decision in *Snyder I,* the Legislature amended the statute by deleting the last sentence of section 181 (3) and adding a new subdivision (5) reading as follows: "Any claim by any injured person for the costs of cleanup and removal and direct and indirect damages based on the strict liability imposed by this section may be brought directly against the person who has discharged the petroleum, provided, however, that damages recoverable by any injured person in such a direct claim based on the strict liability imposed by this section shall be limited to the damages authorized by this section." (Navigation Law § 181 [5] [L 1991, ch 672, § 2].) The pertinent legislative history includes various memoranda submitted in support of the amendment. The memoranda uniformly speak of the need to "clarify" the statute or to "restore" the private right of recovery that, prior to our decision, the statute had been interpreted as providing.[4]

Meanwhile, while the appeal in *Snyder I* was pending, plaintiffs served an amended complaint in a second action alleging four causes of action and naming Jessie's attorney-in-

---

4. Decisions predating the amendment and holding or assuming that former section 181 provided a private right of recovery against a discharger included *Town of Guilderland v Texaco Ref. & Mktg.* (159 AD2d 829, *supra),* *Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins* (111 AD2d 957), and *Domermuth Petroleum Equip. & Maintenance Corp. v Gorman Bros.* (127 Misc 2d 323, *supra).* Cases so holding or assuming since the amendment include *Nicol v Jenkins Fire Co.* (192 AD2d 164 and *Wheeler v National School Bus Serv.* (193 AD2d 998).

fact, Family Service of Rochester, Inc., and Newcomb's liability insurer, The Hanover Insurance Company, as defendants *(Snyder II)*. As against Hanover, the appellant herein, plaintiffs' first cause of action asserted strict liability under Navigation Law § 190. That section, which dates from the original enactment of the Oil Spill Law in 1977, provides: "Any claims for costs of cleanup and removal, civil penalties or damages by the state and any claim for damages by any injured person, may be brought directly against the bond, the insurer, or any other person providing evidence of financial responsibility."

Following consolidation of the two actions, this Court's decision in *Snyder I,* and the remedial amendment to the statute, Hanover moved to dismiss the complaint against it in *Snyder II* for failure to state a cause of action. In moving for dismissal, Hanover relied entirely on our decision in *Snyder I* and what Hanover described as the doctrine of the law of the case. Referring to *Snyder I,* Hanover contended: "[T]he Fourth Department considered strictly the issue of whether or not Article 12 of the Navigation Law provides plaintiffs with a private right of action for exposure to fuel oil * * * and it was held that Article 12 of the Navigation Law does not provide any such private right of action. The law of this case has established that *no* private right of action under Article 12 of the Navigation Law exists in favor of the plaintiffs and therefore, plaintiffs' attempt to maintain such a claim under the Navigation Law against Hanover is improper and the complaint should be dismissed as against it with prejudice." (Emphasis in original.)

The motion was opposed by plaintiffs and by Family Service of Rochester, Inc., who argued that Navigation Law § 190 provides, and always has provided, a direct right of recovery against a discharger's insurer on behalf of any injured party; that our decision in *Snyder I* did not address the question of insurer liability under Navigation Law § 190, only discharger liability under Navigation Law § 181; and that, in any event, *Snyder I* had been overruled by subsequent legislative action.

In reply, Hanover argued that the Fourth Department decision in *Snyder I* determined that the statute created no private right of action; that such decision was the law of the case, whether substantively correct or incorrect; and that the statutory amendment was not by its terms retroactive, nor did the legislative history indicate that it should be applied retroactively.

In its decision in *Snyder II,* Supreme Court reviewed this Court's decision in *Snyder I* and the 1991 statutory amendment and concluded: "[T]he amendment was not intended to create a new cause of action, but to restore the viability of a remedy which, until the *Snyder [I]* decision, had not been questioned. As such, it is clearly remedial and should be given retroactive effect [citations omitted]. This is particularly true with regard to this case which was pending at the time that the amendment was enacted [citations omitted]." Consequently, the court denied Hanover's motion to dismiss the complaint in *Snyder II.*

█ We conclude that the doctrine of law of the case does not bar this action against the insurer. Care must be taken to distinguish between two contentions, one that Hanover made in the trial court and one that it asserts for the first time on this appeal. On its motion, Hanover argued that in *Snyder I* this Court held that a party injured by an oil spill has *no* private right of action under the Navigation Law and that plaintiffs thus had no statutory right of action against Hanover. Hanover's argument lacks merit, mainly because it misconstrues this Court's holding in *Snyder I.* We did not hold that the statute does not create a private right of action against any party, but merely that it did not create a private right of action against a "discharger" *(Snyder v Jessie,* 164 AD2d 405, *supra). Snyder I* did not address the question presented here, whether the statute creates a private right of action against a discharger's insurer. That question is addressed by Navigation Law § 190, not Navigation Law § 181, the statute we construed in *Snyder I.*

█ Hanover now makes a new argument: that plaintiffs cannot assert a direct claim against it under Navigation Law § 190 because we previously held that plaintiffs do not have a statutory right of recovery against its insured under section 181. Hanover again labels its contention "law of the case".

We reject Hanover's contention. Hanover failed to make that argument before Supreme Court. If Hanover had made the argument there, plaintiffs could have moved to amend their pleading to reassert the section 181 claim against the insured, Newcomb. Plaintiffs might have obtained a favorable ruling on the issue whether the 1991 statutory amendment (a) is retroactive and (b) overrules and supersedes *Snyder I,* thereby outweighing any considerations of res judicata *(see,* discussion, *infra).* Because Hanover's argument is not pre-

served, we will not address it for the first time on appeal *(see, Matter of Michael Anthony F.,* 177 AD2d 1031).

Were we to address Hanover's argument, we would conclude that, in the unique circumstances of this case, the doctrine of law of the case should give way to other considerations. In enacting the amendment to Navigation Law § 181, the Legislature clearly indicated its intent to overrule the effect of *Snyder I.* Further, while statutes generally are presumed to operate prospectively only (McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b], [c]), it is a rule of statutory construction that remedial statutes are to be applied retroactively unless a contrary intent is expressed by the Legislature (McKinney's Cons Laws of NY, Book 1, Statutes § 54 [a]). Here, the amendment is remedial in both senses of the word: it is designed to provide an additional remedy to a person injured by an oil spill, which was already declared to be a wrong under existing law *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 54 [a]); and it was intended to correct what the Legislature perceived as either this Court's misinterpretation of the statute in *Snyder I,* or the Legislature's imperfect expression of its own intent in the original enactment. Res judicata and its related doctrines are flexible, not absolute, and give way in extraordinary circumstances such as a change in the law *(Szajna v Rand,* 131 AD2d 840, citing *Foley v Roche,* 86 AD2d 887, *lv denied* 56 NY2d 507; *Politi v Irvmar Realty Corp.,* 13 AD2d 469). In the circumstances presented, the doctrine of law of the case, if applicable, must be deemed superseded by the intervening act of the Legislature.

In any event, Hanover's argument would have merit only if the statute made imposition of liability on the insurer dependent on the existence of a right of recovery against the discharger *(cf.,* Insurance Law § 3420 [a] [2] [requiring third-party claimant to obtain judgment against insured before claimant may proceed against insurer]), and then only if it were made dependent on the existence of a statutory right of recovery pursuant to Navigation Law § 181. There is nothing in Navigation Law § 190 imposing such condition on the liability of an insurer. Further, on the question whether the statute creates a direct cause of action, section 190 is explicit in providing that "any claim for damages by any injured person * * * may be brought directly against * * * the insurer". The courts that have dealt with claims against insurers under section 190 have allowed such claims to stand without requiring a viable claim against the insured dischar-

ger under section 181 *(see, State of New York v American Natl. Fire Ins. Co.,* 193 AD2d 996, 997-998; *State of New York v New York Cent. Mut. Fire Ins. Co.,* 147 AD2d 77, 79; *State of New York v Travelers Indem. Co.,* 120 AD2d 251, 254, *appeal dismissed* 69 NY2d 900; *State of New York v Pawtucket Mut. Ins.,* 140 Misc 2d 1041; *State of New York v INA Underwriters Ins. Co.,* 133 Misc 2d 430).

■ Addressing Hanover's remaining argument on appeal, we decline to accept Hanover's strained reading of Navigation Law § 190. The statute provides, in pertinent part, "[A]ny claim for damages by any injured person * * * may be brought directly against the bond, the insurer, or any other person *providing evidence of financial responsibility"* (emphasis as in Hanover's brief). Hanover argues that, because it did not provide evidence of financial responsibility, it cannot be liable under the statute. That argument lacks merit.

First, Hanover failed to make that argument in the trial court, and thus has failed to preserve it for appellate review *(Matter of Michael Anthony F., supra).* Second, Hanover's interpretation distorts the statutory scheme, since under Navigation Law § 181 (3) (e) (iii) and (iv), issuance of an insurance policy or certificate constitutes the providing of evidence of financial responsibility.

Accordingly, the order appealed from should be affirmed.

GREEN, BALIO, BOOMER and BOEHM, JJ., concur.

Order unanimously affirmed, with costs.