■ In the Matter of CLYDE B. RODGERS, Respondent, v ROGER G. CRUMB, Appellant. [662 NYS2d 662] —Order unanimously affirmed without costs. Memorandum: There is no merit to respondent's contention that County Court lacked jurisdiction to transfer the RPAPL article 7 proceeding from Cherry Creek Town Court to Dunkirk City Court. Petitioner properly moved in County Court to transfer the proceeding because both Town Court Judges had disqualified themselves from hearing the matter (*see*, CPLR 325 [g]). Respondent failed to preserve for our review his contentions that County Court should have dismissed the summary proceeding because of the pendency of an action in County Court to determine title to the premises or that the court should have consolidated the two actions. Those issues were not raised before County Court (*see, Snyder v Newcomb Oil Co.*, 194 AD2d 53, 61; *Lanz v Feola*, 181 AD2d 1053; *Woodworth v Delgrand*, 174 AD2d 1011).

City Court did not abuse its discretion in denying respondent's request to stay the summary proceeding pending resolution of the action in County Court. In a prior action commenced by respondent to determine title, County Court had determined that it lacked jurisdiction to resolve the underlying issues concerning validity of the Federal Internal Revenue Service tax sale procedures. Moreover, the issuance of a stay would "frustrate the 'summary' nature of the [RPAPL article 7] summary proceeding" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Part 3, UCCA 204, at 703).

We further conclude that County Court thereafter properly affirmed the judgment of Dunkirk City Court, which awarded possession of the premises to petitioner and authorized the issuance of a warrant for the removal of respondent from the premises. We reject the contention that respondent was denied his right to a jury trial; respondent failed to raise an issue of fact warranting a jury trial (*see*, RPAPL 745 [1]).

Respondent further contends that his due process and equal protection rights were violated when City Court refused to allow him to challenge the validity of the tax sale procedures. We disagree. The issue before City Court in a summary

proceeding pursuant to RPAPL article 7 is possession, not title (*see*, UCCA 204). Although that court may consider a collateral defense concerning title (*see, Van Deventer v Foster*, 87 App Div 62, 64), it is not required to do so (*see, Hoffman v Hoffman*, 212 App Div 531). In a prior action between the same parties commenced by respondent to challenge the validity of the tax sale of the premises to petitioner, County Court declined to exercise jurisdiction because it could not decide issues concerning the propriety of a Federal agency's conduct. Further, a second action commenced by petitioner to determine the same issue concerning title was pending in County Court when the summary proceeding came before City Court. Under the circumstances, the court's refusal to entertain that defense did not deprive respondent of his right to due process or equal protection of the laws.

Respondent's contention that a conflict of interest existed because the attorney for petitioner also served as an Assistant District Attorney assigned to Dunkirk City Court was raised for the first time on appeal to this Court and thus is not preserved for our review (*see, Snyder v Newcomb Oil Co., supra*, at 61). In any event, that contention lacks merit. (Appeal from Order of Chautauqua County Court, Ward, J.—RPAPL.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.