MERRILL TRANSPORT COMPANY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 65877.)

Third Department, June 9, 1983

APPEARANCES OF COUNSEL

*DeGraff, Foy, Conway, Holt-Harris & Mealey* (*Michael T. Wallender* of counsel), for appellant.

*Robert Abrams, Attorney-General* (*Michael S. Buskus* and *Jeremiah Jochnowitz* of counsel), for respondent.

OPINION OF THE COURT

MAHONEY, P. J.

On February 2, 1980, a collision occurred between a tractor trailer owned by claimant and operated by its employee and another vehicle on Interstate 87 known as the Northway. The tractor trailer was transporting oil which was discharged upon the highway as a result of the accident. Pursuant to article 12 of the Navigation Law, claimant was required to clean up the oil spill. The cost to claimant far exceeded the insurance coverage of the other vehicle whose operator's negligence was the sole cause of the accident.

Prior to filing the claim herein claimant made application for damage compensation to the New York Environmental Protection and Spill Compensation Fund under part 3 of article 12 of the Navigation Law, said fund being established in the Department of Audit and Control (Navigation Law, § 179). The application was rejected. Thereafter, claimant requested the State Comptroller to convene a board of arbitration pursuant to section 185 of the Navigation Law to consider whether claimant was entitled to be compensated from the fund. The request was denied.

On October 9, 1981, claimant filed the instant claim, contending that it is entitled to recover its clean-up costs from the State on theories of implied contract, express contract and unjust enrichment. Judgment was requested in the sum of $92,837.65 plus interest from the date of the accident. The State moved to dismiss the claim for failure to state a cause of action. The motion was granted and claimant has taken this appeal. We affirm.

The State's motion for dismissal was premised on subdivision 1 of section 181 of the Navigation Law which provides that "[a]ny person who has discharged petroleum shall be strictly liable, *without regard to fault,* for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained" (emphasis added). Claimant, in opposition to the motion to dismiss, argued: (1) that it is not a person who has "discharged" petroleum within the definition of that term since it did not commit an "action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum" (Navigation Law, § 172, subd 8); (2) that article 12 of the Navigation Law pertains only to spillage into waters or onto lands from which it might flow or drain into said waters and thus can have no application to the facts stated in the claim; and (3) that the State's nondelegable duty to maintain its highways in a safe condition provides an independent basis for recovery by claimant of the costs in question.

While we agree with the statement of the Court of Claims that an analysis of article 12 of the Navigation Law, and the clear legislative intent set forth in sections 170 and 171 thereof, compels the conclusion that claimant

is a person who has discharged petroleum within the meaning of the statutory provisions and must be held liable for clean-up costs even though the spillage resulted from an accident in which claimant was blameless, the sparse decisional law interpreting article 12 prompts us to analogize to the Federal legislation dealing with the same subject (US Code, tit 33, § 1251 *et seq.*). Our reference to the Federal act is warranted because subdivision 4 of section 176 of the Navigation Law states: "Cleanup and removal of petroleum and actions to minimize damage from discharges shall be, to the greatest extent possible, in accordance with the National Contingency Plan for removal of oil and hazardous substances established pursuant to section 311 (c) (2) of the Federal Water Pollution Control Act Amendments of 1972 (P.L. 92-500, 33 U.S.C. 1251 et seq.)".

Since it was the legislative intent to harmonize the State and Federal acts, cases decided under the latter can be looked to for guidance. In *United States v General Motors Corp.* (403 F Supp 1151), the court construed section 1321 (subd [b], par [6]) of the Federal Water Pollution Control Act (hereinafter FWPCA) in a manner which makes "[a]ny owner, operator, or person in charge of any onshore facility or offshore facility from which oil or a hazardous substance is discharged" into protected areas liable for a civil penalty, even though the discharge was caused by the negligent conduct of a third party (*supra,* at p 1157). Yet the same court noted that section 1321 (subd [f], par [2]) of the FWPCA makes the owner of a facility from which oil or a hazardous substance is discharged liable to the Federal Government for the actual costs incurred in clean-up operations, subject to specified monetary limits and defenses, including the defense that a third party was the sole cause of the discharge (*United States v General Motors Corp., supra*). In *Quarles Petroleum Co. v United States* (551 F2d 1201), a case similar to the instant case in that it involved an unavoidable tanker-car collision, a third-party defense was permitted. Thus, cases interpreting the FWPCA demonstrate that a person may be liable for a discharge of oil, even when such person is blameless, if the pertinent statutory provisions contain no exceptions or defenses. Stated

another way, liability may be placed upon those who are wholly blameless if the statutory scheme indicates an intention to hold those who discharge hazardous substances to strict liability (see *United States v General Motors Corp.,* 403 F Supp 1151, 1157, *supra*), as do sections 172 (subd 8), 173 and 181 (subd 1) of the Navigation Law.

Further, since the Legislature patterned article 12 of the Navigation Law on the FWPCA (Navigation Law, § 176, subd 4), that body's failure to include exceptions either in the definition of discharge, or to make provision for third-party defenses, although such are included within various FWPCA provisions, is a clear indication that the Legislature considered and explicitly declined to allow a third-party defense to claimant's liability under subdivision 1 of section 181 of the Navigation Law. The defenses to liability which the Legislature did specifically authorize do not include a third-party defense (see Navigation Law, § 181, subd 4).

This deliberate exclusion of a third-party defense, in our view, enhances the purpose of article 12 of the Navigation Law. Since the risk is foreseeable, a transporter can insure itself against possible costs of cleanup. By clearly placing the cost of cleanup upon a business engaged in the transportation of petroleum products, the State shifts the cost away from the taxpayer and onto those who ultimately use the product. Accordingly, by analogy to the Federal act, and after consideration of the purposes behind article 12 of the Navigation Law, we conclude that the Court of Claims was correct in dismissing the claim on the basis that claimant was a discharger of petroleum strictly liable for the costs and damages associated with the cleanup of the oil spill.

Next, claimant's contention that it had not discharged petroleum because the oil spill did not result in oil entering "into the waters of the state or onto lands from which it might flow or drain into said waters" (Navigation Law, § 172, subd 8) is without merit. While there is nothing in the record to positively demonstrate that the spilled oil might have flowed into protected waters, judicial notice can be taken of the common knowledge that oil can seep

through the ground into surface and groundwater near a highway and thereby cause ecological damage.

Lastly, we reject claimant's cause of action premised on the State's nondelegable duty to maintain its highways in a safe condition. Since one of the purposes of article 12 is to place the burden of clean-up costs upon the person responsible for the spill, and we have concluded claimant is such a person, it would be anomalous to permit claimant to shift the ultimate responsibility for clean-up costs back to the State despite the language of section 193 of the Navigation Law, which preserves the right of a person to pursue any other civil remedies he may possess. While claimant may pursue such remedies as it deems appropriate against the third party who caused the accident resulting in the spill, it is foreclosed from doing so against the State.

The order should be affirmed, with costs.

MAIN, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, with costs.