STATE OF NEW YORK, Appellant, v TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Respondent.

Third Department, November 26, 1986

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Peter G. Crary* and *William J. Kogan* of counsel), for appellant.

*John J. Quackenbush* and *Lawlor & Caulfield (Philip Brian Murphy* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J. P.

In 1978, as the result of a petroleum leak traced to the underground storage tanks of Ken's Exxon Service Station in Kauneonga Lake, Sullivan County, which was owned and operated by Kenneth and Rosemary Van Loan, the soil and underground water of the area was being contaminated. The underground water was in the nature of percolating water existing in three types of rock strata. There were no underground lakes, ponds or streams in that area. The service station was insured under a comprehensive liability policy which indemnified the Van Loans, as insureds, for liability for property damages caused by an "occurrence". An occurrence was defined as an accident, including continuous or repeated

exposure to conditions, which results in property damage neither expected nor intended from the standpoint of the insured. The policy contained two relevant exceptions: "(p) property damage arising out of any emission, discharge, seepage, release or escape of any liquid * * * resulting from or contributed to by any condition in *violation of or non-compliance with any government rule, regulation or law applicable thereto"* (emphasis supplied) and "(q) property damage arising out of any emission, discharge, seepage, release or escape of petroleum or petroleum derivatives into *any body of water"* (emphasis supplied).

On November 19, 1980, plaintiff, the State of New York, sued Ken's Exxon Service Station pursuant to Navigation Law article 12 for $200,000, the estimated cost of the required petroleum cleanup, $62,235.13 having already been spent in this endeavor. On July 8, 1981, the Van Loans in turn instituted a declaratory judgment action against defendant, their insurance carrier, to compel a determination that their pending possible liability was covered by their comprehensive policy.

By decision dated January 5, 1982, Special Term determined that exclusion (q) applied and that defendant owed no obligation to defend or indemnify the Van Loans in the action brought against them by the State. No appeal was taken from this determination. Thereupon, the State commenced the present action against defendant under Navigation Law article 12 to recover the cost of the cleanup in the amount of $443,133.06. Defendant moved pursuant to CPLR 3211 to dismiss this complaint on the grounds that a defense was founded on documentary evidence, that the actions were barred by the Statute of Limitations and that the second cause of action failed to state a cause of action. Special Term granted defendant's dismissal motion based solely upon the prior ruling made in the Van Loan declaratory judgment action, which Special Term considered to be "the law of the case" on the issue of coverage under defendant's policy. The State appeals.

■ Contrary to the determination of Special Term, we find the "law of the case" theory inapplicable to this action which is subsequent to and separate and distinct from the prior declaratory judgment action. The "law of the case" doctrine applies only to various stages of the same litigation *(Matter of McGrath v Gold,* 36 NY2d 406). Furthermore, it has been held that this doctrine is not binding on a reviewing court, only

upon courts of coordinate jurisdiction where, as here, there has been no appeal from the prior determination *(Trusthouse Forte [Garden City] Mgt. v Garden City Hotel,* 106 AD2d 271; *Scott v Transkrit Corp.,* 91 AD2d 682). Defendant further urges that even if the "law of the case" doctrine was improperly relied on by Special Term, the result reached by Special Term was correct under the doctrine of collateral estoppel which binds parties and those in privity with them. We find this argument untenable. Invocation of the doctrine of collateral estoppel requires that a full and fair opportunity to be heard be afforded a party and those in privity with them *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). Here, the State was not a party to the prior declaratory judgment action. Nor can it be seriously claimed that the State was in privity with the Van Loans against whom the judgment in the prior declaratory judgment action was rendered.

■ As plaintiff in the instant action, the State is seeking recovery against the Van Loans' insurance carrier under Navigation Law § 190. By its wording, that section specifically authorizes recovery of civil penalties or damages by the State against *insurers* for damages attributable to the petroleum spills of their insureds. The strict liability imposed by this section against persons who are not dischargers of pollution is permissible *(Merrill Transp. Co. v State of New York,* 94 AD2d 39, *lv denied* 60 NY2d 555). Since recovery is not in the nature of punitive damages, it is not violative of public policy.

Contrary to the determination made in the prior declaratory judgment action which was not appealed, we find both exclusions inapplicable to this factual pattern. The ordinary common-speech meaning of the words which must be applied to the language of an insurance policy *(Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390), with ambiguities resolved in favor of the insured against the insurer who drafted the policy *(Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386), compels the conclusions: (1) that exclusion (p) does not apply because the condition did not result from and was not contributed to by any condition in violation of or noncompliance with any government rule, regulation or law applicable thereto; and (2) that exclusion (q) does not apply because the emission or discharge was not into "any body of water", as that term is commonly understood.

Since there is no merit in defendant's various contentions that the State cannot maintain this action, Special Term's

order dismissing the complaint must be reversed and defendant's motion to dismiss denied.

WEISS, MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Order and judgment reversed, on the law, with costs, and motion denied.