STATE OF NEW YORK, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant.

Third Department, June 1, 1989

APPEARANCES OF COUNSEL

*Bouck, Holloway, Kiernan & Casey (L. John Van Norden* of counsel), for appellant.

*Robert Abrams, Attorney-General (Peter G. Crary* and *Wayne L. Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

YESAWICH, JR., J.

Plaintiff brought this action pursuant to Navigation Law § 190 to recover money expended by the New York Environmental Protection and Spill Compensation Fund to clean up a home heating oil spill which occurred between July 29, 1985 and August 19, 1985. The spill of 250 gallons apparently resulted from a leak in a fuel line between a storage tank and the furnace in the home of defendant's insured; the furnace had been serviced by the fuel oil supplier, known as The Oil Company, in July 1985.

Defendant, which plaintiff sued directly, moved for summary judgment dismissing the complaint arguing that Navigation Law article 12 (hereinafter article 12) applies only to commercial handlers of petroleum products, not homeowners, and that the general liability policy it had issued to the homeowner, though in effect at the time, did not cover such incidents. Supreme Court found that although article 12 had been enacted in response to several catastrophic oil spills, the statute encompasses " *'[a]ny person* who has discharged petroleum * * *' (Navigation Law § 181 [1])" (emphasis by Supreme Court), and that issues of fact remained regarding the policy coverage. Although this appeal is before us at defendant's behest, plaintiff, in its brief, urges us to search the record and grant it summary judgment *(see, Matter of Knickerbocker Field Club v Site Selection Bd.,* 41 AD2d 539, 540; *Davis v Shelton,* 33 AD2d 707, 708, *appeal dismissed* 26 NY2d 829).

The straightforward and expansive language of article 12 fastens strict liability upon anyone, large or small, commercial or residential, responsible for a discharge of petroleum which threatens the State's waters (Navigation Law § 172 [8], [18]; § 181 [1]; *see, Evans v Aetna Cas. & Sur. Co.,* 107 Misc 2d 710, 712). This construction is consistent with the Legislature's declared intent *(see,* Navigation Law §§ 170, 171) and, although the legislative history focuses understandably on the

hazards presented by large commercial handlers of petroleum, there is nothing in that history that suggests an intention to exempt residential polluters, and thus the plain meaning of the words used in the statute must stand (see, Doctors Council v New York City Employees' Retirement Sys., 71 NY2d 669, 675).

Defendant argues that The Oil Company may be liable either under article 12 or on some other theory. However, by virtue of ownership and control of the heating system from which the fuel oil leaked, the homeowner is strictly liable for the clean-up costs of the spill; proof of a wrongful act or omission is not required (see, Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins, 111 AD2d 957, 958-959), and the Legislature has seen fit to allow plaintiff, if it be so inclined, to bring a claim for these costs directly against the homeowner's insurer (Navigation Law § 190). That defendant may have a right to contribution or indemnification does not relieve it of liability under the statute.

Nor are we persuaded that defendant's policy does not cover the subject liability. Defendant maintains that since the flow of fuel oil was halted before it migrated to a neighbor's property, where it threatened to contaminate a private drinking well, its policy is not invoked because "property damage to property owned by the insured" is expressly excluded. But what was damaged here was not the insured's property, but rather property entrusted to plaintiff by its citizens. There is no question but that the fuel oil entered the groundwater, or at the very least threatened to (see, Merrill Transp. Co. v State of New York, 94 AD2d 39, 42-43), and since groundwater is a natural resource (Navigation Law § 172 [12], [18]) protected by plaintiff as trustee for its people (Navigation Law § 170), the oil spill caused damage to property other than that of the insured, thereby triggering defendant's obligation under its policy (see, Broadwell Realty Servs. v Fidelity & Cas. Co., 218 NJ Super 516, 528 A2d 76) and plaintiff's entitlement to summary judgment.

MAHONEY, P. J., WEISS, MIKOLL and LEVINE, JJ., concur.

Order modified, on the law, with costs to plaintiff, by granting plaintiff summary judgment on the issue of defendant's liability and remitting the matter to the Supreme Court for a determination of damages, and, as so modified, affirmed.