OPINION OF THE COURT
Bernard L. Reagan, J.
This is an action for a declaratory judgment. The court has before it a motion by plaintiff for summary judgment, and a cross motion by defendant for summary judgment.
Plaintiff Don Clark, Inc. (hereinafter Clark) is a distributor of gasoline and fuel oil, its business is located where Fennell Road crosses Skaneateles Creek in the Town of Skaneateles, New York. On or about February 22, 1983 the State of New York discovered petroleum product in the creek near Clark’s operation and determined that the source of the product was a discharge from the vicinity of Clark’s driveway. The State then initiated an action against Clark alleging that the discharge occurred from activities of Clark and that Clark failed to clean, remove or contain the discharge. The State expended money to contain, remove and mitigate the discharge pursuant to article 12 of the Navigation Law. The State sued Clark for those clean-up and removal costs incurred by the State.
Plaintiff contacted its insurer United States Fidelity and Guaranty Company (hereinafter USF&G), the defendant herein, for defense and coverage. USF&G denied coverage for the State’s claim. Clark settled the State’s claim by paying $7,326.06 in December 1988. Clark then brought this action against USF&G seeking a declaration as to whether USF&G is obligated to provide a defense and coverage to plaintiff, and for attorney’s fees. Clark has brought this motion claiming defendant is so obligated.
USF&G asserts in its cross motion that the State’s claim against Clark for the costs of responding to environmental pollution does not constitute a claim for "damages” within Clark’s insurance policy, that the claim is for cleanup of Clark’s own property and is therefore excluded from coverage, and that New York does not permit insurance coverage for monetary penalties imposed by statute.
The insurance policy issued to Clark by USF&G states that the latter will pay on behalf of Clark "all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury, or (B) property damage to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit *220 against the insured seeking damages on account of such bodily injury or property damage”. The policy also contains an exclusion stating that the insurance does not apply "to property damage to property owned or occupied by or rented to the insured”.
The cost of the cleanup of the product discharge constitutes property damage within the meaning of the insurance policy. The State brought its action pursuant to article 12 of the Navigation Law. Section 170 of the Navigation Law, contained within article 12, states the intent of the statute as being "to provide liability for damage sustained within this state as a result of the discharge of said petroleum by requiring prompt cleanup and removal of such pollution and petroleum”. Imposing the cost of the cleanup by statute is not punitive in nature, but rather reflects the State’s power to establish damages with respect to legislation designed to protect public resources (Kutsher’s Country Club Corp. v Lincoln Ins. Co., 119 Misc 2d 889). The State’s claim against plaintiff for clean-up costs constitutes damages.
In regard to USF&G’s assertion that the insurance does not apply as the damage was to property owned by the insured, USF&G contends that all of the State’s clean-up efforts were on Clark’s property.
The State’s action was initiated because of a report of petroleum being discharged into the creek. The creek is protected under the Navigation Law (§§ 170, 171, 172). The creek was damaged; there was petroleum in it. Petroleum was leaking on Clark’s premises. Judicial notice can be taken of the common knowledge that oil can seep through the ground. (Merrill Transp. Co. v State of New York, 94 AD2d 39, 42-43.) The leaking petroleum here damaged the creek, property not owned by Clark, triggering USF&G’s obligation under its policy (State of New York v New York Cent. Mut. Fire Ins. Co., 147 AD2d 77, 79, citing Broadwell Realty Servs. v Fidelity & Cas. Co., 218 NJ Super 516).
Accordingly, pursuant to the policy of insurance it issued, USF&G is obligated to defend and provide coverage for Clark.
Clark’s complaint and summary judgment motion also seek attorney’s fees and expenses.
The general rule is that attorney’s fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule *221 (A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5). Attorney’s fees may not be recovered in an affirmative action brought by an assured to settle its rights, such fees may only be recovered when the assured is cast in a defensive position. In this action the plaintiff insured has taken the offensive, seeking a declaration of its rights, therefore it may not obtain attorney’s fees (Mighty Midgets v Centennial Ins. Co., 47 NY2d 12, 21-22).
In summary, plaintiff’s motion for summary judgment is granted in part, to the extent of declaring that plaintiff is entitled to defense and coverage under its insurance policy, for clean-up costs it had to pay to the State in the amount of $7,325.06. Plaintiff’s motion is denied as to its request for attorney’s fees. Defendant’s cross motion for summary judgment is denied.