■ HENRY GENDRON et al., Respondents, v STATE OF NEW YORK, Appellant.—Mikoll, J. Appeal from an order of the Court of Claims (Lyons, J.), entered August 3, 1989, which partially denied the State's motion for summary judgment dismissing the claim.

Claimants commenced this action asserting various causes of action against the State based on its investigation and cleanup of a gasoline discharge at claimants' gasoline station in the City of Troy, Rensselaer County, pursuant to Navigation Law article 12. Claimants alleged causes of action in conversion of real and personal property, trespass, intentional infliction of emotional distress, negligence, defamation, unlawful and reckless damage to claimants' real property, intentional and unjustifiable damage to property, deprivation of constitutional rights and rights under 42 USC § 1983, and loss of consortium. The State moved for summary judgment dismissing the claim, contending, *inter alia,* that Navigation Law article 12 imposes strict liability against claimants, the dischargers of petroleum, that the law accords the State immunity from liability and that the State's actions were a reasonable exercise of its discretion and hence it was immune from liability.

The Court of Claims granted the State's motion only with respect to the claims for defamation, intentional infliction of emotional distress and those claims based on 42 USC § 1983. The court denied the motion in respect to the remaining claims on the grounds that there were questions of fact as to whether claimants were responsible for the gasoline discharge and that the remaining claims were based on the propriety of the actions taken by the Department of Environmental Conservation (hereinafter DEC) in investigating and cleaning up the discharge. The State has appealed.

The State contends that Navigation Law article 12 provides it with limited immunity arising out of its cleanup of claimants' property and that summary judgment should have been granted as to all of claimants' causes of action. Navigation Law article 12 provides the machinery for the protection and preservation of the environment. Pursuant to Navigation Law § 171, DEC is charged with effecting a prompt cleanup and removal of discharges. Navigation Law § 173 prohibits the discharge of petroleum. Pursuant to Navigation Law § 176, a discharger of petroleum is required to immediately undertake

to contain any discharge. Notwithstanding a discharger's responsibility, the State may undertake the containment by engaging agents to effect such a goal (see, Navigation Law § 171). Navigation Law § 181 (1) places absolute liability upon dischargers of petroleum for cleanup costs (see, *Merrill Transp. Co. v State of New York*, 94 AD2d 39).

For support of its argument the State cites Navigation Law § 176 (2) (b), which states that: "Section eight of the court of claims act or any other provision of law to the contrary notwithstanding, the *state* shall be *immune* from liability and action with respect to *any act* or *omission* done in the discharge of the [DEC's] responsibility pursuant to this article; provided, however, that this subdivision shall not limit any liability which may otherwise exist for *unlawful, willful* or *malicious* acts or omissions on the part of the state, state agencies or their officers, employees or agents or for a discharge in violation of section one hundred seventy-three of this article" (emphasis supplied).

Claimants contend that Navigation Law § 176 (2) (b) does not apply to the instant matter because the section was added by Laws of 1987 (ch 536) and applies only to acts after July 30, 1987. We disagree. Navigation Law § 190-a states that "[f]or purposes of cleanup and removal of any public or private ground water supply system contaminated by a discharge occurring either before or after the effective date of article twelve of this chapter, all relevant provisions of article twelve of this chapter shall apply".

Claimants contend that the State's actions did not constitute cleanup and removal, such that Navigation Law § 181 is inapplicable, and that the State's limited immunity is also not applicable. These assertions are not supported by the record. DEC's actions fall within the meaning of "cleanup and removal" as defined in Navigation Law § 172 (4). The efforts were clearly an attempt at containment and removal of a discharge.

Claimants would urge that despite the limited immunity granted to the State, there are questions of fact surrounding whether there was in fact a discharge on their property and whether the State acted with gross negligence or willful misconduct in the cleanup, such that the concept of limited immunity would not apply. However, the record discloses, by way of a report of Joseph McDonald, a regional spill investigator for DEC, and the reports of Hydro-Environmental Technologies, Inc., submitted in support of the State's motion, that claimants' property was the source of a gasoline discharge and

that spills at two other nearby locations, which claimants contend may have been the source of contamination, did not cause or contribute to the discharge found on claimants' property. The other two locations were at a lower elevation and therefore any discharge occurring there could not have flowed uphill to claimants' property. McDonald also stated that when the concrete vaults encasing the gasoline tanks were opened, he observed free-flowing gasoline and that he saw gasoline bubbling out of the fractured shale in the excavated area. The record further supports the State's position by way of testing results from soil samples, monitoring wells and from a trench dug by the State, all on claimants' property, and all of which disclosed high levels of gasoline contamination. Finally, after DEC performed its cleanup, the gasoline discharge and smells abated.

In answer to the State's evidence, claimants have failed to make an adequate evidentiary showing to defeat the State's motion for summary judgment (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068). Mere assertions by claimant Henry Gendron that the gasoline station was not the source of gasoline contamination are insufficient. Further, claimants neither contended nor did they offer any evidence to support any claim against the State for gross negligence or willful misconduct. Since claimants failed to raise a question of fact as to the State's immunity, the State's motion for summary judgment should have been granted in its entirety (see, Zuckerman v City of New York, 49 NY2d 557, 562).

Order modified, on the law, without costs, by reversing so much thereof as partially denied the motion; motion granted as to all remaining claims against the State and said claims dismissed; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.