■ STATE OF NEW YORK, Respondent, v UNITED METHODIST CHURCH, Respondent, and ATLANTIC MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant.—Mahoney, P. J. Appeal from that part of an order of the Supreme Court (Cheeseman, J.), entered January 30, 1990 in Albany County, which denied defendant Atlantic Mutual Insurance Company's motion for summary judgment dismissing the complaint against it for failure to state a cause of action.

Plaintiff commenced this action under Navigation Law article 12 to recover the costs associated with cleaning up the discharge of fuel oil from an abandoned petroleum storage system in the City of Schenectady, Schenectady County. De-

fendant Atlantic Mutual Insurance Company, as the insurer of the owner of the property where the discharge apparently occurred, is alleged to be liable under Navigation Law § 190. Atlantic moved for summary judgment dismissing the complaint against it on the ground that only insurers of a "major facility" or "vessel" *(see,* Navigation Law § 172 [11], [17]), neither of which is involved here, can be held liable. Supreme Court denied Atlantic's motion, finding its interpretation of Navigation Law § 190 too restrictive. Atlantic appeals.

We recently held that Navigation Law "article 12 fastens strict liability upon anyone, large or small, commercial or residential, responsible for a discharge of petroleum which threatens the State's waters" *(State of New York v New York Cent. Mut. Fire Ins. Co.,* 147 AD2d 77, 78). We went on to note that "the Legislature has seen fit to allow plaintiff, if it be so inclined, to bring a claim for these costs directly against the homeowner's insurer" *(id.,* at 79). By acknowledging the right of action against a homeowner's insurer, we implicitly acknowledged that the right of action against insurers provided by Navigation Law § 190 is not limited to insurers of a "major facility" or "vessel" but is to be broadly available *(see, State of New York v Travelers Indem. Co.,* 120 AD2d 251, 254, *appeal dismissed* 69 NY2d 900, *lv dismissed* 70 NY2d 669). Considering that Atlantic's argument to the contrary is based on a narrow interpretation of the law involving prior versions which have been repealed by amendment and that the pertinent statutory provisions must be liberally construed *(see,* Navigation Law § 195), we adhere to our position taken earlier and affirm Supreme Court's denial of Atlantic's motion for summary judgment.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.