■ STATE OF NEW YORK, Respondent, v JAMES MONTAYNE, Doing Business as MONTAYNE FUELS, et al., Respondents, and ADIRONDACK LOON ENTERPRISES, INC., Appellant. [604 NYS2d 978] —White, J. Appeal from an order of the Supreme Court (Kahn, J.), entered September 10, 1992 in Albany County, which denied a motion by defendant Adirondack Loon Enterprises, Inc. for summary judgment dismissing the complaint against it.

Defendant James Montayne entered into a contract with the predecessor in interest of defendant Adirondack Loon Enterprises, Inc. (hereinafter Adirondack) for the purchase and delivery of 7,503 gallons of fuel oil to Montayne's facility in the Town of Newcomb in Essex County. Adirondack, in turn, ordered the fuel from defendant Striker Industries Inc. which arranged to have it delivered to Montayne by defendant 3-J Fuels, Inc. During the delivery, an oil spill occurred. The State Environmental Protection and Spill Compensation Fund subsequently spent $426,533.38 to clean it up. Thereafter, plaintiff commenced this action under Navigation Law article 12 seeking reimbursement of the cleanup costs from defendants. Before discovery was completed, Adirondack moved for summary judgment dismissing the complaint against it claiming its status as a broker of the transaction excluded it from liability. Supreme Court rejected the claim and denied the motion. This appeal ensued.

We begin our analysis with Navigation Law § 181 (1) which provides that "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs". A "discharge" is defined as "any intentional or unintentional action or omission resulting in the releasing, spilling * * * or dumping of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters" (Navigation Law § 172 [8]). In accordance with Navigation Law § 195, we have liberally construed these provisions to impose liability upon firefighters who allegedly damaged an above-ground petroleum storage tank while fighting a fire *(Nicol v Jenkins Fire Co.,* 192 AD2d 164),

owners of the system from which the discharge occurred *(State of New York v Wisser Co.,* 170 AD2d 918; *State of New York v New York Cent. Mut. Fire Ins. Co.,* 147 AD2d 77), the deliverer of oil and the repairer of the oil tank *(Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins,* 111 AD2d 957) and the owner of an oil truck involved in a motor vehicle accident *(Merrill Transp. Co. v State of New York,* 94 AD2d 39, *lv denied* 60 NY2d 555).

The rationale for finding that these persons were within the purview of the statute was that they were in a position to halt the discharge, to effect an immediate cleanup or to prevent the discharge in the first place *(see, Matter of White v Regan,* 171 AD2d 197, 201, *lv denied* 79 NY2d 754). Here, Adirondack was in a position to prevent the discharge or to effect a cleanup as it was contractually obligated to furnish the oil to Montayne and thus had the responsibility for selecting the manner and means of delivery. Despite this, Adirondack maintains that the statute should not apply to it because it did not actually deliver the oil. We cannot accept this argument since it creates opportunities for avoidance that would lead to an evisceration of the statute. Nor do we accept Adirondack's argument that liability cannot attach to it because it did not own the oil at the time of the spill inasmuch as liability under the statute does not depend on title *(see,* Navigation Law § 181 [1]). Accordingly, we affirm.

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.