OPINION OF THE COURT
John R. LaCava, J.
The question presented to this court, in limine, is whether a former property owner’s[1] attachment of a hose to a fuel oil tank into which a fuel oil deliverer, here defendant Effron Fuel Oil Corporation (Effron), delivered fuel and from which fuel spilled out and onto the ground constitutes an intervening act or superceding cause warranting the dismissal of a Navigation *170 Law § 181 cause of action under CPLR 3211 (a) (7).[2] The court finds that it does not.
In addition to a negligence cause of action wherein plaintiff Progressive Bank, Inc. (Progressive) claims that Effron negligently caused fuel oil to leak from one of Progressive’s fuel oil tanks onto Progressive’s property causing property damage as well as diminution in its value, Progressive asserts a cause of action in strict liability under section 181 of the Navigation Law.
Section 181 of the Navigation Law provides, in pertinent part: “1. Any person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and indirect damages, no matter by whom sustained, as defined in this section.”
Pursuant to section 172 of the Navigation Law: “8. ‘Discharge’ means any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum into the waters of the state or onto lands from which it might flow or drain into said waters, or into waters outside the jurisdiction of the state when damage may result to the lands, waters or natural resources within the jurisdiction of the state.”
In Lowenthal v Perkins (164 Misc 2d 922, 925 [Sup Ct, Tompkins County 1995]), the court recognized that “[t]he term ‘discharger’ by statutory design is broad in its embrace. The Legislature recognized that article 12 of the Navigation Law was necessary for the general health, safety, and welfare of the people of this State and mandated that the article be construed liberally to effect its purposes (Navigation Law § 195).” Further, “[t]he courts have indeed liberally construed the provisions of the Navigation Law” (Lowenthal v Perkins, supra, at 925, citing State of New York v Montayne, 199 AD2d 674, 675 [3d Dept 1993]). “[N]o proof is required of a specific wrongful act or omission which directly caused the spill in order to impose liability [upon an asserted discharger]” (Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins, 111 AD2d 957, 958-959 [3d Dept 1985]).
Given the broad definition, liberal construction, and public policy considerations surrounding article 12 of the Navigation *171 Law, the court finds that Effron’s delivery of fuel oil into a fuel oil storage tank from which the fuel oil spilled out onto the ground via a hose installed by the former property owner for redistribution of the fuel oil to yet another fuel oil tank, states a viable Navigation Law § 181 strict liability cause of action as against Effron. More particularly, as the fuel oil deliverer, Effron “set in motion the events which resulted in the discharge [citations omitted]” (Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins, supra, at 959) sufficient to state a cause of action under article 12 of the Navigation Law.[3]
Motion denied.

. The former owner had lost the property in a foreclosure action.

. Defendant has moved, in limine, for an order “precluding” the cause of action asserting a violation of section 181 of the Navigation Law. The court will treat the motion as one for an order dismissing the Navigation Law § 181 cause of action for failure to state a cause of action (CPLR 3211 [a] [7]).

. The fact that, in addition to having delivered the fuel, the “discharger” in Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins (supra) had also repaired the fuel tank from which the oil leaked is unavailing to defeat the Navigation Law § 181 cause of action as against the defendant herein.