[719 NYS2d 735]

STATE OF NEW YORK, Plaintiff, v AVERY-HALL CORPORATION et al., Defendants and Third-Party Plaintiffs-Appellants. CHEVRON U.S.A., INC., Third-Party Defendant-Respondent.

Third Department, January 18, 2001

### APPEARANCES OF COUNSEL

*Jaeckle, Fleischmann & Mugel, L. L. P.,* Buffalo (*Christopher J. Dow* of counsel), for defendants and third-party plaintiffs-appellants.

*Woods, Oviatt & Gilman, L. L. P.*, Rochester (*Michael J. Nolan* of counsel), for third-party defendant-respondent.

*Trevette, Lenweaver & Salzer,* Rochester (*Louis B. Cristo* of counsel), for American Petroleum Institute, *amicus curiae.*

**OPINION OF THE COURT**

ROSE, J.

In 1979, defendant Avery-Hall Corporation acquired title to a parcel of land located in the Town of Middleport, Niagara County, that had been used as a gas station from approximately 1950 to 1976. During most of that time period, Gulf Oil Corporation, the predecessor in interest to third-party defendant, Chevron U.S.A., Inc., sold gasoline to the owners of the station. Gulf never owned, leased or operated the station. Gulf gasoline was delivered to the station by Coffee Brothers, Inc., an independent dealer which also owned and maintained the station's underground storage tanks (hereinafter USTs). In 1995, almost 20 years after the last delivery of gasoline to the USTs, the Department of Environmental Conservation (hereinafter DEC) notified Avery-Hall of its suspicion that the USTs were leaking. Subsequently, DEC contracted for removal of the USTs, as well as gasoline, contaminated soil and sludge, from the parcel.

In August 1998, plaintiff commenced this action pursuant to Navigation Law article 12 seeking to recover from defendants the cost of the parcel's cleanup as well as statutory penalties. Defendants brought a third-party action against Chevron pursuant to Navigation Law § 181 (5), alleging that it was responsible for the contamination and seeking reimbursement for any cleanup costs they were required to pay. Chevron moved for summary judgment dismissing the third-party complaint, and defendants cross-moved for partial summary judgment as to their claims of indemnification and contribution. Supreme Court granted Chevron's motion and denied defendants' cross motion.

Defendants appeal, citing as controlling authority this Court's construction of Navigation Law § 181 (1) in *State of New York v Montayne* (199 AD2d 674) and contending that Chevron was a discharger within the purview of the statute by virtue of its contractual obligation to sell and deliver the gasoline stored in the USTs during the parcel's use as a gas station. Supreme Court acknowledged *State of New York v Montayne (supra)*, but ruled that Chevron's connection to the discharge was too attenuated to impose liability as a discharger.

As *State of New York v Montayne* (*supra*) is distinguishable from the instant action because there, unlike here, the discharge occurred during a delivery, we affirm.

Navigation Law § 181 (5) permits a "current owner of contaminated land, who has not caused or contributed to the contamination but is nevertheless subject to strict liability under Navigation Law § 181 (1), to seek reimbursement from those who have [actually] caused or contributed to the discharge" (*Popolizio v City of Schenectady*, 269 AD2d 670, 671; *see*, *White v Long*, 85 NY2d 564, 569). A discharge is "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum" (Navigation Law § 172 [8]). This Court has held that a discharger includes a party who is in a position to "halt [a] discharge, to effect an immediate cleanup or to prevent the discharge in the first place" (*State of New York v Montayne*, *supra*, at 675). Thus, where a party contracts to deliver petroleum products and thereby has responsibility for the manner and means of delivery, and the discharge occurs during the delivery, that party will not be insulated from liability as a discharger by arranging to have the delivery made by a third party (*see*, *id.*).

In order for Chevron to be a discharger under our *Montayne* analysis, defendants must establish that the discharge at issue occurred during the delivery process of transferring the fuel to the USTs. To do so, they are required to present more than conclusory or speculative allegations (*see*, *Matter of Izzo v Lynn*, 271 AD2d 801, 802). Defendants presented evidence that Gulf had entered a contract with the prior owners to sell and deliver Gulf gasoline to the station from 1954 to 1976, only Gulf gasoline was purchased for the station, Coffee Brothers delivered all of that gasoline on a weekly basis and Coffee Brothers had replaced the USTs once or probably twice during that time period because they were leaking. However, defendants did not allege that the discharge discovered by DEC in 1995 occurred during any of the deliveries made by Coffee Brothers, and the record contains no evidence of when that discharge actually occurred or its cause. Nor is there any evidence that the earlier leakage occurred in the process or course of delivery by Coffee Brothers. Thus it would be mere speculation to conclude that the discharge at issue occurred at the time of the earlier leakage, or as a result of the way the gasoline was transferred to the USTs. Indeed, the only relevant conclusion to be drawn

from the allegation that Coffee Brothers replaced leaking USTs is that the earlier leakage was due to the means of storage rather than delivery.

In these circumstances, it cannot be said that the discharge at issue occurred during delivery or that Gulf was in a position to "halt the discharge, to effect an immediate cleanup or to prevent the discharge in the first place" (*State of New York v Montayne, supra*, at 675). As defendants failed to raise a triable issue of fact as to Chevron's liability as a discharger, Supreme Court properly granted Chevron's motion and denied defendants' cross motion.

CARDONA, P. J., MERCURE, CREW III and PETERS, JJ., concur.

Ordered that the order is affirmed, with costs.