■ STATE OF NEW YORK, Respondent-Appellant, v CHARLES JOSEPH, Defendant, and PAL OIL, INC., Appellant-Respondent, and CNA FINANCIAL CORPORATION, Doing Business as FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent. [816 NYS2d 214]—

Mercure, J.P. (1) Cross appeals from an order of the Supreme Court (Teresi, J.), entered September 16, 2004 in Albany County, which denied motions by plaintiff and defendant Pal Oil, Inc. for summary judgment, and (2) appeal from a judgment of said court, entered May 9, 2005 in Albany County, which, inter alia, granted certain defendants' motions for summary judgment dismissing the amended complaint.

Defendant Charles Joseph owned and operated two gas stations located at the intersection of Routes 96 and 88 in the Town of Phelps, Ontario County. Defendant Pal Oil, Inc. supplied petroleum products to both gas stations from 1982 to 1992. In July 1992, the Department of Transportation discovered gas-

oline in the groundwater near the gas stations and reported its findings to the Department of Environmental Conservation (hereinafter DEC). Upon excavation, DEC discovered several holes in the underground storage tanks, as well as free-floating gasoline in the tank "graves." Subsequent investigation revealed that more than 4,500 gallons of gasoline had been discharged into the groundwater as of March 1995. As a result, the New York Environmental Protection and Spill Compensation Fund spent approximately $562,000 to remediate the spill.

In 1994, plaintiff brought this action against Joseph and Pal Oil seeking reimbursement for cleanup and removal costs pursuant to Navigation Law article 12, as well as statutory penalties. Plaintiff's claims against Joseph were discharged in bankruptcy in 1997. As relevant here, Supreme Court thereafter granted plaintiff's motion to amend the complaint to add Pal Oil's insurer, CNA Financial Corporation, doing business as Fidelity & Casualty Company of New York (hereinafter Fidelity), as a defendant. Following joinder of issue and discovery, Supreme Court granted the remaining defendants' motions for summary judgment and dismissed the complaint. Plaintiff appeals from the judgment* and we now affirm.

Plaintiff argues that Pal Oil and Fidelity, as its insurer, are strictly liable for the spill if measurable quantities of gasoline were forced into the surrounding soils during Pal Oil's deliveries to Joseph's underground storage tanks, regardless of whether Pal Oil's employees knew or could perceive that the underground tanks were leaking. Even assuming, however, that the underground leaks occurred simultaneously with Pal Oil's delivery of gasoline to the storage tanks, as plaintiff claims, we agree with defendants that simultaneity of delivery and leaking is not the critical factor in determining whether a supplier is strictly liable for damages arising out of a spill. Rather, the dispositive question is whether the supplier had the capacity to prevent the spill or to clean up any resulting contamination (*see State of New York v Speonk Fuel, Inc.*, 3 NY3d 720, 724 [2004]).

Pursuant to Navigation Law § 181 (1), "[a]ny person who has discharged petroleum shall be strictly liable, without regard to fault, for all cleanup and removal costs and all direct and

---

* Plaintiff and Pal Oil also cross-appeal from a September 2004 Supreme Court order denying their respective motions for summary judgment. Inasmuch as the right to appeal from a nonfinal order terminates upon the entry of a final judgment, the cross appeals must be dismissed. While plaintiff's appeal from the final judgment brings up the prior order for review (*see* CPLR 5501 [a] [1]; *Wojcik v Empire Forklift, Inc.*, 14 AD3d 63, 65 n [2004]), our decision with respect to the final judgment renders academic the parties' arguments addressed to the September 2004 order.

indirect damages, no matter by whom sustained." The Court of Appeals has held that section 181 (1) must be read together with Navigation Law § 172 (8), which defines a "[d]ischarge" as "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of petroleum into the waters of the state" (*see State of New York v Speonk Fuel, Inc., supra* at 723; *State of New York v Green*, 96 NY2d 403, 406-407 [2001]; *White v Long*, 85 NY2d 564, 568 [1995]). While the Court has stated that these provisions are to be construed liberally and do not require proof of fault or knowledge (*see State of New York v Green, supra* at 406-407), it has also clarified that liability is "predicated . . . on a potentially responsible party's capacity to take action to prevent an oil spill or to clean up contamination resulting from a spill" (*State of New York v Speonk Fuel, Inc., supra* at 724; *see State of New York v Montayne*, 199 AD2d 674, 675 [1993]; *Matter of White v Regan*, 171 AD2d 197, 200-201 [1991], *lv denied* 79 NY2d 754 [1992]). Indeed, although "no proof is required of a specific wrongful act or omission which directly cause[s] [a] spill in order to impose liability" (*Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins*, 111 AD2d 957, 958-959 [1985]), Navigation Law § 172 (8) requires an act or omission that *results* in the spilling of petroleum.

Consistent with these principles, we have held that if a supplier is contractually obligated to furnish oil and has "the responsibility for selecting the manner and means of delivery," the supplier cannot avoid liability as a discharger for spills occurring during delivery simply by arranging to have a third party perform the actual delivery (*State of New York v Montayne, supra* at 675). On the other hand, if a discharge from an underground storage tank occurs as a result of the means of storage rather than the manner of delivery and the supplier has no involvement in the storage of the product, that supplier is not in a position to halt or prevent a spill or clean up the resulting contamination from the spill and will not be held liable as a discharger (*see State of New York v Avery-Hall Corp.*, 279 AD2d 199, 201-202 [2001]; *State of New York v Cronin*, 186 Misc 2d 809, 812-813 [2000]).

Here, plaintiff does not dispute that (1) the discharge was caused by holes in Joseph's underground storage tanks, (2) there was no evidence of any above-ground spill at any relevant time, (3) Pal Oil did nothing more than deliver gasoline to the tanks, and (4) Pal Oil could not have seen or known of the underground leaks. Indeed, the testimony of plaintiff's expert,

Timothy Walsh, and of an officer of Pal Oil established that Pal Oil had neither the duty nor the ability to perform any inventory reconciliation that might have demonstrated that the underground tanks were leaking, and that it could not be ascertained whether any discharge occurred as a result of the method or manner in which the gasoline was transferred to the tanks. In short, plaintiff has not raised a question of fact regarding whether Pal Oil "set in motion the events which resulted in the discharge" (*Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins, supra* at 959), given that the only act or omission resulting in contamination was the use of underground storage tanks containing holes that Pal Oil lacked the ability to discover. In the absence of any evidence that Pal Oil had the "capacity to take action to prevent [or halt the] oil spill or to clean up contamination resulting from [the] spill," it cannot be liable as a discharger here (*State of New York v Speonk Fuel, Inc., supra* at 724; *see State of New York v Avery-Hall Corp., supra* at 201-202; *State of New York v Cronin, supra* at 813). Accordingly, Supreme Court properly granted defendants' motions for summary judgment.

The parties' remaining arguments are rendered academic by our decision.

Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the cross appeals from the order entered September 16, 2004 are dismissed, without costs. Ordered that the judgment entered May 9, 2005 is affirmed, without costs.