In two related actions, inter alia, to recover damages for injury to property, the defendant Oil Services, Inc., appeals from an order of the Supreme Court, Nassau County (Cozzens, J.), dated March 8, 2007, which granted those branches of the respective motions of the plaintiffs in both actions which were for summary judgment on the issue of liability pursuant to Navigation Law § 181.
Ordered that the order is reversed, on the law, with one bill of costs, and those branches of the respective motions of the plaintiffs in both actions which were for summary judgment on the issue of liability pursuant to Navigation Law § 181 are denied.
The plaintiffs Nancy Kramer and State Farm Fire & Casualty Company, as subrogee of Nancy Kramer (hereinafter the plaintiffs), commenced separate actions against Oil Services, Inc. (hereinafter Oil Services) to recover damages resulting from a discharge of oil which occurred at the residence of the plaintiff Nancy Kramer. The plaintiffs each moved for summary judgment on the issue of liability and relied primarily on an affidavit by Kramer wherein she stated that an Oil Services’ technician told her that his hand pumping of the oil line had caused a rupture in the pipe, which resulted in the spill. This hearsay evidence was insufficient to satisfy the plaintiffs’ burden of establishing their prima facie entitlement to judgment as a matter of law on the issue of liability (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Stock v Otis El. Co., 52 AD3d 816 [2008]; Wen Ying Ji v Rockrose Dev. Corp., 34 AD3d 253, 254 [2006]; AIU Ins. Co. v American Motorists Ins. Co., 8 AD3d 83, 85 [2004]; Rodriguez v Sixth President, 4 AD3d 406, 407 [2004]). Also insufficient was the plaintiffs’ reliance on handwritten notes of the Oil Services’ technician, as the plaintiffs failed to establish their admissibility under the business records exception (see CPLR 4518 [a]; Hochhauser v Electric Ins. Co., 46 AD3d 174, 179 [2007]).
Moreover, although the plaintiffs claimed that Oil Services *731 was contractually obligated to maintain the heating equipment that had leaked, they provided no proof of such. Liability under Navigation Law article 12 is predicated on a potentially responsible party’s capacity to take action to prevent an oil spill or to clean up the resulting contamination (see State of New York v Speonk Fuel, Inc., 3 NY3d 720, 724 [2004]; State of New York v Green, 96 NY2d 403, 405 [2001]). Here, summary judgment was erroneously awarded to the plaintiffs, as they presented no evidence that Oil Services was a “discharger” pursuant to Navigation Law § 181 (see Navigation Law § 181 [1]; § 172 [8]; cf. State of New York v Joseph, 29 AD3d 1233, 1235-1236 [2006]; State of New York v Avery-Hall Corp., 279 AD2d 199, 201-202 [2001]; Domermuth Petroleum Equip. & Maintenance Corp. v Herzog & Hopkins, 111 AD2d 957 [1985]).
Motion by the respondent Nancy Kramer on an appeal from an order of the Supreme Court, Nassau County, dated March 8, 2007, inter alia, to strike the appellant’s reply brief on the ground that it improperly raises additional issues not raised in the main brief. By decision and order on motion of this Court dated April 17, 2008, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
Ordered that the motion is granted to the extent that the following portions of the reply brief are stricken and have not been considered in the determination of the appeal: (1) the first sentence of the second full paragraph on page 2; and (2) starting with the fourth sentence of the second full paragraph on page 2 through the end of that paragraph on the top of page 3; and it is further,
Ordered that the motion is otherwise denied. Rivera, J.E, Dillon, Covello and McCarthy, JJ., concur.