Egan Jr., J.
Appeals (1) from that part of eight judgments of the Supreme Court (Cahill, J.), entered February 10, 2011 in Albany County, which dismissed petitioners’ applications, in eight combined proceedings pursuant to CPLR article 78 and actions for declaratory judgment, to review a determination of respondent Empire Zone Designation Board revoking petitioners’ certifications as empire zone business enterprises, and (2) from eight orders of said court, entered February 10, 2011 in Albany County, which denied petitioners’ motions for leave to conduct certain discovery.
Petitioners are eight separate entities that previously were certified as empire zone business enterprises. In June 2009, respondent Commissioner of Economic Development revoked petitioners’ respective certifications — effective January 1, 2008 — based upon each entity’s failure to satisfy what is commonly referred to as the “1:1 benefit-cost test” (see General Municipal Law § 959 [a] [v] [6]).[1] Upon each petitioner’s administrative appeal, respondent Empire Zone Designation Board upheld the underlying revocation. Petitioners thereafter separately commenced these combined CPLR article 78 proceedings and actions for declaratory judgment contending that the Board’s determination was arbitrary and capricious and violative of, among other things, the Due Process, Equal Protection and Contract Clauses of the NY and US Constitutions. Respondents answered and moved to dismiss petitioners’ declaratory judgment actions, and petitioners cross-moved pursuant to CPLR 408 for disclosure.
Supreme Court thereafter dismissed petitioners’ CPLR article 78 claims on the merits, concluding that the Board’s determination was neither arbitrary and capricious nor otherwise affected *1495 by an error of law, and granted respondents’ motions to dismiss all but one of the declaratory judgment causes of action — leaving intact petitioners’ claim that the retroactive application of General Municipal Law § 959 (a) (v) (6) was unconstitutional. Finally, Supreme Court — in a separate series of orders — denied petitioners’ respective motions for disclosure. Petitioners now appeal the dismissal of their CPLR article 78 claims, as well as the partial dismissal of the underlying declaratory judgment actions. Petitioners also separately appeal the denial of their requests for disclosure.[2]
As a threshold matter, respondents contend that the instant appeals must be dismissed because the judgments and orders from which they are taken are nonfinal and, further, petitioners’ right to appeal has been extinguished by the subsequent entry of a final judgment in these matters. We agree and, accordingly, dismiss the underlying appeals.
“[A] ‘final’ order or judgment is one that disposes of all of the causes of action between the parties in the action or proceeding and leaves nothing for further judicial action apart from mere ministerial matters” (Burke v Crosson, 85 NY2d 10, 15 [1995]). Alternatively, “a nonfinal order or judgment results when a court decides one or more but not all causes of action in the complaint against a particular defendant . . . but leaves other causes of action between the same parties for resolution in further judicial proceedings” (id. at 15-16; accord Kline v Town of Guilderland, 289 AD2d 741, 742 [2001]). “No appeal as of right lies from a nonfinal order in a CPLR article 78 proceeding” (Matter of Pettersen v Town of Fort Ann, 72 AD3d 1322, 1323 [2010] [citations omitted]). While no similar bar exists as to a nonfinal order issued in the context of a declaratory judgment action, “the right to appeal from a nonfinal order terminates upon the entry of a final judgment” (State of New York v Joseph, 29 AD3d 1233, 1234 n [2006], lv denied 7 NY3d 711 [2006]; see Matter of Aho, 39 NY2d 241, 248 [1976]; Pixel Intl. Network v State of New York, 255 AD2d 666 [1998]; see also CPLR 5501 [a] [1]), which, as noted previously (see n 2, supra), has now occurred.
Petitioners, relying upon the doctrine of implied severance, contend that — at the very least — the judgments dismissing their *1496 CPLR article 78 claims on the merits are “final” as to those issues and, hence, are appealable. The flaw in petitioners’ argument on this point is that the doctrine of implied severance does not apply where, as here, within each petition/complaint, all of the causes of action arise out of the same underlying transaction, continuum of facts or legal relationship (see Burke v Crosson, 85 NY2d at 16-17). Hence, petitioners’ CPLR article 78 claims cannot be severed from petitioners’ declaratory judgment causes of action for purposes of these appeals. We reach a similar conclusion with regard to petitioners’ discovery applications. Accordingly, the appeals must be dismissed in their entirety.
Peters, PJ., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the appeals are dismissed, without costs.

. The statutory scheme (see General Municipal Law § 955 et seq.) and the relevant amendments thereto are discussed at length in Matter of WL, LLC v Department of Economic Dev. (97 AD3d 24 [2012]).

. During the pendency of these appeals, respondents moved for summary judgment as to the remaining declaratory judgment cause of action. Supreme Court denied respondents’ motion and, upon searching the record, granted summary judgment in favor of petitioners, finding that the retroactive application of General Municipal Law § 959 (a) (v) (6) was unconstitutional. Respondents have appealed.