Garry, J.
Appeal from an order of the Supreme Court (Platkin, J.), entered August 29, 2011 in Albany County, which granted defendant’s motion to dismiss the complaint.
Northport Land Corporation is the owner of real property located in the Town of Northport, Suffolk County, which was used for the purpose of operating a gasoline station and automobile repair shop. The Department of Environmental Conservation designated the property to be a spill site due to the contamination of ground water and soil caused by petroleum discharges emanating from the underground gasoline storage and dispensing system located upon the property. As of September 2009, the Department had expended $124,794.54 to clean up the prop *1223 erty with the expectation of incurring additional costs in the future. During the relevant time period, Northport maintained a policy of liability insurance covering the property with defendant, which included coverage for clean-up costs required by governmental authorities as the result of petroleum discharges from underground storage tank systems.
After defendant disclaimed coverage under the policy, Northport commenced a declaratory judgment action to enforce its terms. Defendant moved for summary judgment dismissing the complaint and the motion was granted by Supreme Court (Pines, J.), ruling that the policy did not cover the petroleum contamination at issue. This decision was upheld by the Second Department on appeal (Northport Land Corp. v Zurich N. Am. Ins., 99 AD3d 683 [2012]).
In April 2011, plaintiff commenced this action against defendant under Navigation Law § 190 seeking reimbursement of expenses incurred in cleaning up the property. Defendant moved pursuant to CPLR 3211 to dismiss the complaint as barred by the doctrine of res judicata and/or collateral estoppel. Finding the doctrine of collateral estoppel applicable, Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.
Collateral estoppel is an equitable doctrine that “precludes a party from relitigating in a subsequent action or proceeding an issue . . . [that was] decided against that party or [one] in privity” with that party in a prior action or proceeding (Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]; see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]; Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). As the party seeking the benefit of the doctrine, defendant bears the initial burden of demonstrating that there is privity as between plaintiff and Northport, such that it applies. In rendering a determination, in the interest of fairness, “[d]oubts should be resolved against imposing preclusion” (Buechel v Bain, 97 NY2d at 304-305).
Here, determining whether privity is established requires examining whether plaintiff and Northport had a relationship that made plaintiffs rights derivative of Northport’s.* North-port is the entity responsible for the petroleum discharge and is strictly liable for clean-up costs (see Navigation Law § 181 [1]). Plaintiff is the entity that has undertaken the cleanup and now seeks reimbursement for monies expended. Thus, plaintiff has a *1224 right of indemnification against Northport to recoup these costs (see State of New York v Stewart’s Ice Cream Co., 64 NY2d 83, 88 [1984]), establishing an indemnitor-indemnitee relationship. Plaintiffs right of indemnification, however, is independent of Northport’s contractual right to have its insurance carrier, defendant, cover these costs under the terms of the liability insurance policy. Moreover, Navigation Law § 190 authorizes plaintiff to commence a direct action against defendant, and this right is independent of plaintiff’s right of indemnification against Northport. Given that plaintiff’s rights are not conditioned upon and do not derive from Northport’s, the existence of an indemnitor-indemnitee relationship between Northport and plaintiff does not establish privity between these parties.
The conclusion that plaintiff is not in privity with Northport is further supported by our decision in State of New York v Travelers Indem. Co. of R.I. (120 AD2d 251 [1986], appeals dismissed 69 NY2d 900 [1987], 70 NY2d 669 [1987]), which is factually similar to the case at hand. There, we held that the doctrine of collateral estoppel did not bar plaintiffs action against an insurer under Navigation Law article 12 even though the insurer had, in a prior declaratory judgment action, been held not liable under an insurance policy issued to the owners of a gas station (id. at 253-254). Instrumental to this Court’s finding was not only that the insurer was not a party to the prior declaratory judgment action, but that it was not in privity with the owners of the gas station against whom the adverse ruling had been made (id. at 254). In view of the foregoing, we conclude that the doctrine of collateral estoppel does not apply, and Supreme Court erred in granting defendant’s motion dismissing the complaint on this basis.
Mercure, J.P., Lahtinen and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court to permit defendant to serve an answer within 20 days of the date of this Court’s decision.

 Other potential grounds demonstrating privity are not disputed; plaintiff did not control the Northport declaratory judgment action nor were its interests represented by Northport (see Buechel v Bain, 97 NY2d at 317).